# IN THE COURT OF APPEALS OF IOWA

No. 15-1001
Filed March 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PATRILL D. ELLIS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Bremer County, Peter B. Newell, District Associate Judge.

        A defendant appeals his sentence following his guilty plea to two counts of forgery and two counts of theft in the second degree.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Patrill Ellis appeals the sentence imposed by the court following his pleas of guilty to two counts of forgery and two counts of theft in the second degree, all class "D" felonies. *See* Iowa Code §§ 714.2(2), 715A.2 (2013). The court imposed its sentence of imprisonment not to exceed five years on each count with all counts to run concurrently. Ellis claims the court abused its discretion in not suspending the sentence and placing him on probation. He believes a prison sentence was not best suited for his rehabilitation or best for the protection of society. He points to his full-time employment, his child support obligations, and his remorse for his actions as reasons probation should have been ordered. He also claims the court failed to mention the factors that favored probation when it pronounced sentence.

In announcing the sentence, the court stated:

> Mr. Ellis, again, the State and the Department of Correctional Services are recommending that you receive prison terms in these matters, and I think there are a couple of reasons for that. It does appear that you have been on probation on two prior occasions. On each of those occasions, your probation was revoked. It appears that your last probation was revoked in April of 2014, and then you committed these offenses in January of 2015.
> Again, there are four felony offenses pending against you. The amount of money that is involved is substantial. It's over $4000 in restitution.
> I think in light of that, I think that the State's recommendation is appropriate. Again, the person preparing the presentence investigation identifies a high risk to reoffend. Again, I think that—I think that the lenient part of this is that the State is asking these all run concurrently, and I'm going to follow that.
> So, I will impose a five-year prison term on each of the four offenses, but I will run them concurrently, which means at the same time; not consecutively.

We discern no abuse of discretion in the district court's sentencing decision.  *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure.").  "A sentencing court has a duty to consider all the circumstances of a particular case.  We do not believe however, it is required to specifically acknowledge each claim of mitigation urged by a defendant."  *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).  Therefore, we affirm the sentence imposed by the district court.

**AFFIRMED.**