**IN THE COURT OF APPEALS OF IOWA**

No. 16-1346
Filed June 7, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**LOREN ANTON GOODWIN III,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Hamilton County, Paul B. Ahlers,

District Associate Judge.

      A defendant appeals the sentence imposed upon his pleas of guilty.

**AFFIRMED.**

      Jesse A. Macro Jr. of Macro & Kozlowski, LLP, West Des Moines, for

appellant.

      Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.

      Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Loren Goodwin III appeals the sentence imposed upon his pleas of guilty to possession of methamphetamine, second offense, and eluding, in violation of Iowa Code sections 124.401(5) and 321.279(2) (2016), both aggravated misdemeanors. The plea agreement called for the State to dismiss other pending charges and to make a sentencing recommendation of a two-year suspended sentence on each conviction, to run concurrently, with credit for time served and two years' probation along with the applicable minimum fines, surcharges, and court costs. The pleas were not conditioned on the court's acceptance.

After accepting the guilty pleas, the court ordered the preparation of a presentence investigation (PSI) report, which recommended probation with placement in a residential correctional facility and mental-health and substance-abuse treatment. At sentencing, the court rejected the recommended sentence under the plea agreement and the PSI, and instead it imposed a two-year term of incarceration on each conviction, with the sentences to run consecutively to each other and consecutive to the sentence for an offense committed in another county, along with the minimum fines, surcharges, and court costs.

Goodwin appeals claiming the court abused its discretion in not ordering probation in accordance with the plea agreement and the recommendation of the PSI, and also for running the sentences consecutively in light of the fact the eluding and possession of methamphetamine occurred at the same time.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only

be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion occurs only when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

When imposing the sentence, the district court stated:

> Mr. Goodwin, my goals with respect to sentencing are to provide for your rehabilitation and protection of the community. In trying to achieve those goals, to the extent these details have been made known to me, I have taken into account the recommendations of the parties, your age, your employment history and circumstances and goals, your educational background, your family circumstances and obligations, your ridiculous criminal history, your appearance and demeanor here in the courtroom, your substance abuse issues and needs, your mental health issues and needs, the nature of the offense and facts and circumstances surrounding it, and the other information presented here today in this hearing, as well as in the Presentence Investigation Report.
>
> . . . .
>
> . . . The reasons for consecutive sentences are as follows:
>
> First of all, they are separate and distinct crimes. Even the two crimes in this case, the possession of methamphetamine, second offense, charge was unrelated to the eluding, although it might have been an incentive for the eluding. It is a separate and distinct crime, and separate punishments are appropriate, and obviously those two crimes would also be appropriately separately punished from the punishment imposed in your Boone County case. Additionally, I believe consecutive sentences are appropriate because of your criminal history, including prior terms in prison that have apparently not deterred you from continuing to engage in criminal conduct. You have had a fairly unbroken string of criminal behavior since 1997. And unlike some people, it doesn't seem to be getting better as you get older, as the nature of the—as the crimes just continue. I also think consecutive sentences are appropriate because of the dangerous nature of the criminal conduct involved in this case and your effort to avoid responsibility for your drug crime by eluding law enforcement and exposing the public and law enforcement to injury or death because of your criminal behavior. And consecutive sentences are also appropriate as part of the overall sentencing plan providing for your rehabilitation and protection of the community.
>
> In terms of whether to suspend or not suspend the sentences that I have imposed here, Mr. Goodwin, I have

considered all the factors I mentioned previously, whether I have gone into detail about them or not, and obviously the reasons for the consecutive sentences also come into play in terms of deciding whether to suspend the sentence or not. I have also taken into account your history of lack of success on probation. There has been numerous examples in your criminal history where you have not successfully complied with probation. Your reference to the fact that you were scared and didn't know what to do when the police tried to stop you is unavailing. The answer to that question is very easy. You stop and take the punishment for whatever it is that you were doing that you were afraid of getting caught doing. So for you to elude law enforcement was inexcusable. In terms of your stated intention to get substance abuse and mental health evaluation and treatment, I agree that those things are needed and those are good things that you are trying to accomplish, but I am also well aware of the fact that you had ample opportunity over the course of the last nineteen years while you have been building up this criminal history to have that dawn on you, that you need that help or whatever you need to motivate you to be law abiding, but you have not taken advantage of that opportunity and have continued to commit crimes. And so the request to suspend your sentence is denied.

We discern no improper consideration, nor do we detect an unreasonable or untenable reason, for imposing prison terms and running the two-year prison terms consecutively. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (noting the district court is not "required to specifically acknowledge each claim of mitigation urged by a defendant [and] the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered"). We affirm the district court's sentencing order.

**AFFIRMED.**