# IN THE COURT OF APPEALS OF IOWA

No. 17-2107
Filed August 15, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAMAN JULIAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Nancy S. Tabor (plea) and Mark R. Lawson (sentence), Judges.

Defendant appeals his convictions for sponsoring a gathering where a controlled substance was used and two counts of possession of methamphetamine. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Daman C. Julian, Mt. Pleasant, appellant pro se.

Thomas J. Miller, Attorney General, and Katherine M. Krickbaum, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ. Tabor, J., takes no part.

**BOWER, Judge.**

Daman Julian appeals his convictions for sponsoring a gathering where a controlled substance was used and two counts of possession of methamphetamine. We find the court did not abuse its discretion in sentencing Julian because its decision was supported by the evidence. We affirm Julian's convictions.

## I.     Background Facts & Proceedings

On February 3, 2017, Julian was arrested after a search warrant was executed at his home. Julian was charged in FECR073508 with possession of a controlled substance, second offense, in violation of Iowa Code section 124.401(5) (2017), an aggravated misdemeanor, and sponsoring a gathering where a controlled substance was unlawfully used, in violation of section 124.407, a class "D" felony. He was released on bond prior to trial.

On May 5, 2017, Julian was arrested and a small bag of methamphetamine was found on his person. Julian was charged in AGCR074003 with possession of methamphetamine, second offense, in violation of section 124.401(5). He was again released on bond.

On July 15, 2017, officers conducted a search warrant at Julian's home and found methamphetamine. Julian was charged in FECR074354 with possession of methamphetamine, second offense, in violation of section 124.401(5).[1]

---

[1]   Julian was originally charged with possession of methamphetamine with intent to deliver. Laboratory testing, however, showed only a small portion of the substances discovered by officers was methamphetamine. The State then amended the trial information to more accurately reflect the factual situation.

Julian entered into a plea agreement in which he agreed to plead guilty to the charge of sponsoring a gathering where a controlled substance was used in case FECR073508, possession of methamphetamine, second offense, in case AGCR074003, and possession of methamphetamine, second offense, in case FECR074354, and the State agreed to dismiss the other possession charge. The district court accepted Julian's guilty pleas at a hearing on October 5, 2017.

Julian was released prior to sentencing to attend an intensive outpatient substance-abuse treatment program. He was unsuccessfully discharged from the program on November 28, 2017, due to lack of compliance and attendance.

The sentencing hearing was held on November 30, 2017. The presentence investigation report recommended incarceration, noting Julian's long criminal history and the failure of previous community-based correctional services to deter his continued criminal activities. The State requested consecutive prison sentences. Julian requested intermediate sanctions which would permit him to complete a substance-abuse treatment program.

The sentencing court determined probation was not appropriate. Julian was sentenced to a term of imprisonment not to exceed five years on the conviction for sponsoring a gathering and two years on each of the convictions for possession of methamphetamine. The sentences on the possession convictions were to run consecutive to the sentence for sponsoring a gathering, but concurrent with each other. The court denied Julian's motion to reconsider his sentences. He now appeals.

## II.     Standard of Review

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats,* 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 553. "In other words, a district court did not abuse its discretion if the evidence supports the sentence." *Id.*

## III.     Sentencing

Julian claims the district court abused its discretion in sentencing him. He states the court should have placed him on probation. In the alternative, he states the court should not have made his sentences consecutive. He asks to have his sentences vacated and the case remanded for resentencing.[2]

The district court stated:

> The reasons for the court's sentence as I indicated before you have a lengthy history of criminal violations, some violent but mostly substance abuse. Your prior suspended sentence was not particularly successful, you haven't demonstrated an ability to be successful on probation. You have demonstrated an ability to be somewhat successful on parole. So I think that bodes well for when you get out. I hope it does. I've also taken several other things into consideration. This sentence is mostly designed to be a specific deterrent to you to discontinue drug use. And that's the message that I'm trying to send and that's the message I'm also trying to send with consecutive sentencings of the aggravated misdemeanors to the felony. The reason for the consecutive sentences is your record but mostly to deter you from further violations. The Court also notes that you did—were using meth right up until the time the presentence investigation was prepared, that you did fail to complete your substance abuse treatment. I also noted your performance on pretrial release, and that incarceration was the recommendation of the presentence investigation.

---

[2]   In a pro se brief, Julian gives additional reasons for requesting resentencing but does not raise any additional issues on appeal.

Julian disputes the court's statement he was using methamphetamine "right up until the time the presentence investigation was prepared." He states he last used an illegal substance on July 15, 2017, and the presentence investigation report was filed on November 20, 2017, more than four months later. While there was not any evidence presented of positive drug tests after July 2017, Julian was unsuccessfully discharged from a substance-abuse treatment program on November 28, 2017, just a few days before the sentencing hearing "due to his lack of compliance and attendance." Julian had a negative drug test on November 1, 2017, but "[n]o further tests [were] completed since that date, since Mr. Julian only showed one additional time in November." We find the district court did not abuse its discretion in questioning whether Julian was continuing to use controlled substances.

Julian also claims the district court did not consider all pertinent factors in sentencing him. He states, "Although the Court considered only appropriate factors, it certainly did not consider all of the factors . . . ." He states the court did not adequately consider his age, family situation, or work toward rehabilitation. He states if he was placed on probation he could help his aging father and attend a new substance-abuse treatment program. He points out he completed several weeks of a substance-abuse treatment program before he was unsuccessfully discharged.

"The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). A court's "failure to acknowledge a

particular sentencing circumstance does not necessarily mean it was not considered." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). "Instead, we review a sentence for an abuse of discretion based on the entire record, and look to see if the reasons articulated by the trial court are sufficient to enable us to determine if an abuse of discretion occurred." *Id.*

We conclude the district court did not abuse its discretion in sentencing Julian. The court gave clear and adequate reasons for denying Julian's request to be placed on probation and for making his sentences on the possession convictions consecutive to the sentence for sponsoring a gathering. When Julian was on pretrial release prior to sentencing he kept using methamphetamine and kept committing criminal offenses. The court did not abuse its discretion because its decision was supported by the evidence. *See Seats,* 865 N.W.2d at 553.

We affirm Julian's convictions.

**AFFIRMED.**