# IN THE COURT OF APPEALS OF IOWA

No. 19-0917
Filed July 1, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RONALD LEROY SNIPES,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Steven P. Van Marel,

District Associate Judge.

        Ronald Snipes appeals his sentence for driving while barred.  **AFFIRMED.**

        Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.

        Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**BOWER, Chief Judge.**

Ronald Snipes appeals, asserting the district court abused its discretion in imposing sentence. Snipes complains the court "relied solely on the recommendation of the parties" and did not "articulate[] reasons supporting a probationary sentence as opposed to the minimum allowable sentence under the law." Upon our review, we find the district court's sentencing decision was based on reasonable considerations. Because the court did not abuse its discretion, we affirm.

## I. Background Facts and Proceedings

In March 2019, pursuant to a plea agreement, Snipes pled guilty to driving while barred, in violation of Iowa Code sections 321.560 and 321.561 (2018). The written plea agreement states: "In return for my plea of guilty, the State will recommend a [two]-year indeterminate term of incarceration, entirely suspended; $625 fine, plus the criminal surcharge, court costs, and attorney fees; and up to [two] years on probation with the department of correctional services."

In April 2019, Snipes appeared for sentencing. The parties jointly recommended a suspended two-year prison sentence and that Snipes be placed on probation for a term not to exceed two years. The district court sentenced Snipes in accord with the joint recommendation and ordered Snipes to pay all applicable minimum fines and court costs.

The district court explained to Snipes:

> [T]he purpose of sentencing you here today of course is to do two things; it's meant to rehabilitate you and to protect our community from further offenses from you . . . I will accept a suspend[ed] term here, put you on probation, and give you an opportunity to prove to

the community that you can and will do a better job with your decision making.

Snipes appeals.

## II. Analysis

When a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 553 (citation omitted).

Snipes claims the district court "failed to consider or articulate specific factors . . . that would warrant the sentence imposed." The record belies the claim.

A sentencing court is to weigh the nature of the offense and attending circumstances, and the defendant's age, character, propensity, and chances of reform. *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002); *see also* Iowa Code § 901.5. Here, the district court did not specifically refer to each of these factors, but a court is not "required to specifically acknowledge each claim of mitigation." *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered.").

The court has the discretion to determine which sentence or combination thereof "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. The court emphasized its sentencing decision was tailored to provide Snipes with an opportunity for rehabilitation while protecting the

community. The district court's decision was based on reasonable and valid considerations, and we find no abuse of discretion. *See Seats*, 865 N.W.2d at 553.

**AFFIRMED.**