**STATE of Iowa, Appellee,**

v.

**Tammy Lynn BOLTZ, Appellant.**

**No. 94–1583.**

Court of Appeals of Iowa.

Oct. 31, 1995.

Dennis A. Bjorklund, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Susan M. Crawford, Assistant Attorney General, J. Patrick White, County Attorney, and Anne Lahey, Assistant County Attorney, for appellee.

Considered by DONIELSON, C.J., and HAYDEN and CADY, JJ.

CADY, Judge.

This is an appeal by Tammy Boltz following a judgment and sentence by the district court for domestic assault causing injury. Boltz claims the district court abused its discretion in sentencing her to fifteen days in jail. We find no abuse of discretion and affirm.

Boltz was arrested and pled guilty to domestic abuse causing injury to her husband. The district court sentenced her to fifteen days in jail, fined her $250, and ordered her to complete a batterer's program. The court stated the sentence was imposed because of "the nature of the offense" and Boltz's "age and past record."

On appeal, Boltz claims the district court abused its discretion in imposing a jail term of fifteen days. She argues the court failed to consider her specific circumstances in mitigation of sentencing, and failed to articulate sufficient reasons for the sentence.

## I. Preservation of Error

We first address the State's argument that Boltz failed to preserve error on her claim that the trial court failed to articulate adequate reasons for the sentence. The State argues Boltz was required to raise the alleged defect during the sentencing proceedings. We disagree. Error was preserved by timely raising the issue on appeal. *State v. Thomas,* 520 N.W.2d 311, 313 (Iowa App. 1994). We continue to encourage counsel, however, as we first did in *Thomas,* to raise potential claims involving improper or illegal sentences at the trial court level without resorting to the appellate process. *State v. Thomas,* 520 N.W.2d at 313, n. 1.

## II. Abuse of Discretion

A sentence is imposed following a conviction in a criminal proceeding in order to give the defendant the maximum opportunity for rehabilitation and to protect the community. Iowa Code § 901.5 (1993); *State v. Robbins,* 257 N.W.2d 63, 70 (Iowa 1977). The court has discretion within the applicable statutory framework to determine the sentence which will best meet these goals. *See State v. Hildebrand,* 280 N.W.2d 393, 396 (Iowa 1979). In exercising this discretion, the court may consider a variety of circumstances, including the nature of the offense and attending circumstances, as well as the defendant's age, character, propensities and chances of reform. *State v. Kendall,* 167 N.W.2d 909, 911 (Iowa 1969). *See also* Iowa Code §§ 901.2, 901.3 (1993).

Boltz first argues the district court abused its discretion by failing to consider all the relevant circumstances of the case.

While acknowledging the sentencing court considered the "nature of the offense," her "age," and her "past record," Boltz points out the court failed to specifically acknowledge the particular attendant circumstances of the crime, including her unstable condition at the time due to a reaction to medication, her family circumstances, and that the incident was her first offense.

A sentencing court has a duty to consider all the circumstances of a particular case. *State v. Robbins,* 257 N.W.2d at 70. We do not believe however, it is required to specifically acknowledge each claim of mitigation urged by a defendant. Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered. Instead, we review a sentence for an abuse of discretion based on the entire record, and look to see if the reasons articulated by the trial court are sufficient to enable us to determine if an abuse of discretion occurred. *See State v. Johnson,* 445 N.W.2d 337, 343 (Iowa 1989). Even a succinct and terse statement of reasons may be sufficient as long as the brevity displayed does not prevent us from reviewing the exercise of the trial court's sentencing discretion. *Id.* On the other hand, the record supports a failure to exercise discretion when only a single, nonspecific factor is identified by the sentencing court. *See State v. Dvorsky,* 322 N.W.2d 62, 66–67 (Iowa 1982); *State v. Hildebrand,* 280 N.W.2d at 396–97; *State v. McKeever,* 276 N.W.2d 385, 387 (Iowa 1979) (nature of offense alone not determinative of a discretionary sentence).

Boltz argues the three reasons articulated by the trial court in this case are insufficient to review for an abuse of discretion. She asserts the circumstances are comparable to those in *State v. Cooper,* 403 N.W.2d 800 (Iowa App.1987), where we found the "circumstance of the offense, and the defendant's prior background" were insufficient reasons to allow for review of discretion.

We observe *Cooper* involved reasons contained in a sentencing order with no accompanying transcript of the sentencing hearing. *State v. Cooper,* 403 N.W.2d at 802. Consequently, we were left to speculate what the sentencing judge meant by the general statements in the sentencing order. *Id.*

In this case, the entire sentencing colloquy forms an adequate basis for us to review the sentencing court's exercise of discretion. *See State v. Johnson,* 445 N.W.2d at 343 (Iowa 1989) (The entire record is considered in reviewing sufficiency of reasons for sentencing). After the court accepted the plea of guilty, which included a discussion of the nature of the injuries, the record reveals the prosecutor recommended a thirty-day jail sentence, with twenty-three days suspended, followed by a term of probation. Counsel for Boltz followed recommending a ten-day jail sentence with no probation. Boltz also requested "straight jail time" in her allocation to the court. The reasons for the recommendations included the underlying circumstances of the offense, Boltz's status as a student and her good record prior to the assault conviction.

This backdrop supplements the court's stated reasons for the sentence and provides a sufficient basis for us to review the exercise of discretion. The court's sentencing decision focused on the length of the jail term and the necessity of probation. In adopting Boltz's recommendation of no probation and imposing five more days of jail than requested, it is apparent the sentencing court's general reasons related to the more specific reasons previously articulated by the attorneys.

We interfere in discretionary sentencing only upon a showing of an abuse of discretion. *State v. Thomas,* 520 N.W.2d at 313. An abuse of discretion will be found only when the discretion is exercised on grounds which are clearly untenable or to an extent clearly unreasonable. *Id.* We conclude the trial court did not abuse its discretion.

**AFFIRMED.**