**IN THE COURT OF APPEALS OF IOWA**

No. 13-1458
Filed May 14, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROGER ALLEN MCDANIEL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Appanoose County, Myron L.

Gookin, Judge.

        A defendant who pled guilty to lascivious acts with a child contends the

district court abused its discretion in sentencing him to prison.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Heather Quick, Assistant Attorney

General, and Richard Scott, County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**VAITHESWARAN, P.J.**

Roger McDaniel appeals his judgment and sentence for lascivious acts. He contends the district court abused its discretion in sentencing him to prison.

## I. Background Facts and Proceedings

Forty-year-old McDaniel pled guilty to lascivious acts with a ten-year-old child.  *See* Iowa Code § 709.8(3) (2011).  Under the plea agreement, the State agreed to dismiss a second-degree sexual abuse charge and recommend a suspended sentence on the lascivious acts count, with defense counsel free to argue for a deferred judgment.  The district court judge informed McDaniel he could not guarantee what the sentence would be.  The court ordered a presentence investigation report and scheduled the matter for sentencing.

At the sentencing hearing, the prosecutor recommended "that the defendant receive a suspended prison sentence."  The State cited McDaniel's "lack of criminal history" and subsequent decision to take "responsibility for this action" by voluntarily obtaining counseling.  The district court declined to adopt the prosecutor's recommendation and sentenced McDaniel to a prison term not exceeding five years.

## II. Analysis

On appeal, McDaniel contends the district court considered the nature of the crime to the exclusion of other relevant factors and, accordingly, abused its discretion in imposing sentence.  *See State v. Boltz*, 542 N.W.2d 9, 10 (Iowa Ct. App. 1995) ("In exercising . . . discretion, the court may consider a variety of circumstances, including the nature of the offense and attending circumstances, as well as the defendant's age, character, propensities and chances of reform.").

There is no question the court was deeply troubled by the nature of the crime. For example, the court stated, "[U]nder no circumstances can the sexual abuse of a young child be justified or acceptable." The court continued,

> As I review all of this information and as I consider the very, very serious, serious nature of the crime that's been committed, I have no choice in my own mind, I believe, but to require you to suffer the consequences of the actions that you've taken, which is the sexual abuse of [this child].

Later, the court stated, "[W]hat you did to [this child] is completely inexcusable. She will suffer for it for the rest of her life, as will you, and there has to be consequences."

But the court did not limit the discussion to the nature of the offense. The court emphasized that this was "a very, very difficult choice" because McDaniel did not "have much of any kind of a criminal record, other than somewhat of a lengthy traffic violation record." The court also noted McDaniel had "done good things" since the incidents by "undertaking counseling" and by stating he "benefited from that counseling." The court also considered "that which would provide maximum benefit for . . . rehabilitation and at the same time protect the community from further offenses." *See* Iowa Code § 901.5. Finally the court stated:

> Mr. McDaniel, I've selected this particular sentence for you after considering many things; after considering the Presentence Investigation Report by the Department of Corrections, their recommendation that you be imprisoned. I've considered, quite frankly, not only your lack of a prior criminal record but also the serious nature of the crime that has been committed, your employment and family circumstances, whether force was used in the commission of the offense, your need for rehabilitation and your potential for rehabilitation, and the necessity to protect the community from further offenses by you and by others.

Based on these statements, we conclude the district court did not consider the nature of the offense to the exclusion of other pertinent factors and did not abuse its discretion in sentencing McDaniel to prison.

**AFFIRMED.**