# IN THE COURT OF APPEALS OF IOWA

No. 14-0393
Filed October 1, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN M. RAYMOND,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, James D. Coil, District Associate Judge.

A defendant appeals his judgment and sentence.  **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Lily Dobson, Student Legal Intern, Thomas J. Ferguson, County Attorney, and Michelle Wagner, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

Justin Raymond pled guilty to domestic abuse assault-strangulation, in violation of Iowa Code section 708.2A(2)(d) (2013). The district court sentenced Raymond to a prison term not exceeding two years, with all but seven days suspended. On appeal, Raymond contends the court abused its discretion in declining to grant his request for a deferred judgment.

The district court is not required "to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). "Even a succinct and terse statement of reasons may be sufficient as long as the brevity displayed does not prevent us from reviewing the exercise of the trial court's sentencing discretion." *Id.*

The district court gave the following reasons for Raymond's sentence:

> Well, Mr. Raymond, I do believe that the sentence is appropriate based upon the nature and circumstances of this offense as well as you as an offender. I think you — it's to your credit certainly, Mr. Raymond, that you have gone through substance abuse treatment. I've reviewed the letter . . . from Pathways Behavioral Services. I think that . . . certainly shows that . . . you are committed to getting some substance abuse treatment and following up hopefully with your mental health treatment as well.

The court essentially accepted the State's prior assertion that the serious nature of this offense militated against a deferred judgment. *See Boltz*, 542 N.W.2d at 11 ("[I]t is apparent the sentencing court's general reasons related to the more specific reasons previously articulated by the attorneys."). The district court's decision to weigh this factor more heavily than Raymond's efforts at rehabilitation was not clearly untenable or unreasonable and, accordingly, did not evince an abuse of discretion. *Id.*

We affirm Raymond's sentence.

**AFFIRMED.**