# IN THE COURT OF APPEALS OF IOWA

No. 14-0248
Filed July 22, 2015


**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**CLARENCE BRYANT,**
　　　Defendant-Appellant.
_____


Appeal from the Iowa District Court for Mahaska County, Randy S. DeGeest, Judge.


A defendant appeals a district court's denial of his "motion for reconsideration of sentence due to illegal sentence." **AFFIRMED.**


Julie DeVries of DeVries Law Office, P.L.C., Centerville, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Rose Ann Mefford, County Attorney, and Charles A. Stream, Assistant County Attorney, for appellee.


Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

Clarence Bryant pled guilty to four counts of third-degree sexual abuse and was sentenced to four prison terms not exceeding ten years each, to be served consecutively. Bryant's direct appeal was dismissed as frivolous. Years later, he filed a "motion for reconsideration of sentence due to an illegal sentence." The district court denied the motion after concluding the sentence was not illegal. This appeal followed.

Bryant argues he may challenge an illegal sentence at any time. *See* Iowa R. Crim. P. 2.24(5). The State counters that none of the issues Bryant raises implicate the legality of his sentence. While the State may be correct with respect to certain issues, we elect to address each of them on the merits.

First, Bryant argues "the lower court abused its discretion when failing to state reasons the sentence was appropriate." *See* Iowa R. Crim. P. 2.23(3)(d). To the contrary, the sentencing judge stated he "considered all the sentencing options" contained in Iowa Code section 901.5 (2003) and considered "[t]he seriousness of the offense," Bryant's "offense history," and "his lack of accountability in these matters." We discern no abuse of discretion in this statement of reasons. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Second, Bryant argues plea counsel was ineffective in "fail[ing] to insist the court list specific factors considered in sentencing." In fact, the prosecutor prompted the court to articulate specific reasons for the sentence, rendering any additional solicitation by Bryant's counsel unnecessary. Accordingly, Bryant cannot prevail on this ineffective-assistance-of-counsel claim. *See Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984) (setting forth elements of ineffective-assistance-of-counsel claim).

Third, Bryant argues "the district court erred when considering a 1981 previous sentence (over ten years old), from another state to impose a current sentence of fo[]rty years[,] which constitutes: 'cruel and unusual punishment herein.'" Bryant cites Iowa Rule of Evidence 5.609(2)(b). This rule, titled "impeachment by evidence of conviction of crime" has no bearing in a sentencing proceeding. *See* Iowa Code § 901.2(1) (stating sentencing court may consider "any information which may be offered which is relevant to the question of sentencing" including "information from other sources"); Iowa R. Evid. 5.1101(c)(4) (making the rules of evidence inapplicable to sentencing proceedings).

We turn to Bryant's contention that consideration of his prior conviction amounted to cruel and unusual punishment under the test established in *State v. Bruegger*, 773 N.W.2d 862, 884-86 (Iowa 2009). There the court required "an individualized assessment of the punishment imposed" in the "relatively rare case" involving "an unusual combination of features that converge to generate a high risk of potential gross disproportionality—namely, a broadly framed crime, the permissible use of preteen juvenile adjudications as prior convictions to enhance the crime, and a dramatic sentence enhancement for repeat offenders." *Bruegger*, 773 N.W.2d at 884. Unlike Bruegger, who committed his prior offense as a preteen, Bryant was approximately thirty-four years old at the time of the prior conviction. *Id.* at 885. This fact alone renders *Bruegger* inapplicable. *See State v. Oliver*, 812 N.W.2d 636, 651 (Iowa 2012).

Finally, Bryant argues "the State did err in requiring [him] to register as a sex offender for the rest of his life." In his view, "[t]he [r]egistry [l]aw only requires 'ten years', not [l]ife." To the contrary, Iowa Code section 692A.106(5) (2013) requires life time registration and section 692A.125(2) makes this requirement retroactive.

We conclude the district court did not err or abuse its discretion in denying Bryant's belated motion for reconsideration.

**AFFIRMED.**