# IN THE COURT OF APPEALS OF IOWA

No. 15-1552
Filed May 11, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**STEVEN J. REES,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Thomas J. Bice, Judge.

Steven Rees appeals the sentence imposed upon his convictions of sexual exploitation of a minor and invasion of privacy. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

A jury found church youth group leader Steven Rees guilty of sexual exploitation of a minor and invasion of privacy. The district court sentenced him to concurrent prison terms of ten years and one year, respectively. This court affirmed his judgment but remanded for resentencing based on the court's consideration of an impermissible factor. *See State v. Rees*, No. 14-1124, 2015 WL 3876740, at *4-5 (Iowa Ct. App. June 24, 2015).

On remand, the district court imposed the same sentence. The court reasoned as follows:

> [Defense counsel] says that there was no physical harm here, and that may well be the case. But there certainly was emotional and psychological damage beyond belief that you inflicted upon this innocent minor. A child. You preyed upon a child. And my sense of discretion tells me that our society, our community, needs to be protected from the likes of you because of that. You breached the trust of innocence, of a minor female. In a church setting, in a position of responsibility, you breached that trust to the core. And I have very, very little, if any, sense of mitigation that would be owing to you as a result of that. I agree with the State, that given the facts of this case, and the breach of trust, the breach of youthful innocence that is exhibited, that incarceration is the only viable alternative, from a discretionary standpoint, that this Court should impose; and that is exactly my intention.

Rees appealed.

Rees contends the district court abused its discretion in refusing to place him on probation. *See State v. Cooley*, 587 N.W.2d 752, 754 (Iowa 1998) ("Because the challenged sentence does not fall outside statutory limits, we review the court's decision for abuse of discretion."). He cites the absence of a criminal history, his ownership of a business, his long-term marriage, a psychosexual assessment showing him to be at low to moderate risk of

recidivism, and a presentence investigator's recommendation for a suspended sentence and probation.

A court is not required to acknowledge each claim of mitigation raised by a defendant. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). The district court considered Rees' statement of mitigating factors but chose to emphasize the circumstances of the crimes and, specifically, Rees' breach of the trust the girl placed in him as a church leader. The court's reasons were entirely reasonable. *See State v. McKinnon*, No. 13-0503, 2014 WL 69530, at *2 (Iowa Ct. App. Jan. 9, 2014) ("It was not unreasonable for the sentencing court to impose a prison term to . . . punish [the defendant's] serious breach of the public trust."). Discerning no abuse of discretion, we affirm Rees' sentence.

**AFFIRMED.**