**IN THE COURT OF APPEALS OF IOWA**

No. 15-1979
Filed May 3, 2017

**STATE OF IOWA,**
         Plaintiff-Appellee,

**vs.**

**GLENN LEE MCGHEE,**
         Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

The defendant appeals from the sentence imposed at a 2015 resentencing hearing. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Glenn McGhee appeals from the sentences imposed by the district court at his 2015 resentencing. In 1972, when he was a minor, McGhee took part in a robbery of a bar that ultimately resulted in the death of a bartender and two patrons; two others were also injured. After a jury trial, McGhee was convicted of three counts of murder in the first degree, three counts of robbery, and two counts of assault with intent to murder. He was sentenced to a then-mandatory sentence of life without the opportunity for parole.

Due to recent developments in federal and Iowa law making McGhee's initial sentence unconstitutional, McGhee was resentenced in October 2015. *See State v. Ragland*, 836 N.W.2d 107, 115 (Iowa 2013) (discussing *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012) (stating the United States Supreme Court's prohibition on mandatory life-without-parole sentences for juvenile criminals was to be applied retroactively to cases on direct and collateral review).

Following the changes in case law, our legislature amended Iowa Code section 902.1 (2015).[1] Under the amended statute, a minor who is convicted of murder in the first degree "shall receive one of the following sentences": "Commitment to the custody of the director the department of corrections for the rest of the defendant's life with the possibility of parole after serving a minimum term of confinement as defined by the court," or, as McGhee received at resentencing, "[c]ommitment to the custody of the director of the department of

---

[1] Pursuant to 2015 Iowa Acts chapter 65, section 5, the amended sentencing provisions of section 902.1 "apply to a person who was convicted of a class 'A' felony prior to, on, or after the effective date of this Act [April 24, 2015] and who was under the age of eighteen at the time the offense was committed."

corrections for the rest of the defendant's life with the possibility of parole."[2]  *See*
Iowa Code § 902.1(2)(a)(2), (3).  The section also requires the court to consider
a number of circumstances or factors in reaching its decision.  *See* Iowa Code
§ 901.(2)(b)(2)(a)-(v).  Here, McGhee claims the district court failed to use its
discretion and failed to consider the required factors.

At the resentencing hearing, the State advised the court it "agree[d] that
the resentencing should be granted to life with parole."  McGhee's counsel,
relying on *State v. Seats*, 865 N.W.2d 545, 555 (Iowa 2015), suggested to the
court it should "start from the presumption that the juvenile should be given
eligibility for parole."  Counsel then stated, "The remaining factors seem to me to
be geared toward rebutting that presumption.  As the State has indicated, it does
not have evidence to rebut that presumption, and Mr. McGhee does join the
request for life with eligibility of parole."  McGhee addressed the court, stating:

> I was sentenced in January 1973.  Since my incarceration, I've got
> my GED, completed all the programs, been to college twice for
> maintenance and small business and business.  My time has been
> lengthy.  I have been rehabilitated beyond belief as opposed to my
> being younger and going into prison and being very obnoxious.  But
> like I say, I've been to all the programs in prison; done my
> education in prison.  I have grown a great deal.  I have family
> support.  I have skills to be able to obtain a job if I am released,
> although I think I do need to go through a gradual release program
> being I've been in prison all these years.  You know, so I believe I
> should be granted life with possibility of parole.

---

[2] Section 902.1(2)(a)(1) also authorizes a sentence of life with no possibility of parole,
but recent case law has deemed such an option unconstitutional.  *See State v. Sweet*,
879 N.W.2d 811, 839 (Iowa 2016) ("[W]e adopt a categorical rule that juvenile offenders
may not be sentenced to life without the possibility of parole under article I, section 17 of
the Iowa Constitution. . . .  Nothing in this opinion, of course, suggests that a juvenile
offender is entitled to parole.  The State is not required to make such a guarantee, and
those who over time show irredeemable corruption will no doubt spend their lives in
prison. The determination of irredeemable corruption, however, must be made when the
information is available to make that determination and not at a time when the juvenile
character is a work in progress.").

When imposing the new sentence, the court stated:

> Well, my job is to determine what is the appropriate sentence here, and as the *Miller* Court stated and the numerous Iowa Supreme Court cases since that *Miller* case, the reason for resentencing juveniles is because when a crime is committed by a juvenile, there is basically a presumption that a juvenile does not have the emotional, intellectual maturity that an adult would have, and some—those crimes, although horrendous, are committed by people who really are not fully developed at the time, and if we as a society give those individuals the chance to develop emotionally as well as intellectually, they can change and be a productive member of society. And so it seems to be cruel and unusual to sentence somebody who commits a crime as a juvenile to a sentence where he or she can never, ever be released, which is what happened in these types of cases in Iowa.
>
> And Mr. McGhee, you said it probably better than the rest of us. I'm sure you were an obnoxious teenager and [have] grown and changed over the years. Some of that is due just to the fact that you're maturing because of your age. I'm sure a lot of it is also due to the fact that you had an opportunity to get an education in the prison system and to go through some programming and take a hard look at yourself and make some changes.
>
> So as the State stated, it does not have any evidence to rebut the presumption that a juvenile should be given a chance to have parole even if given a life sentence. I would certainly go along with that recommendation from both the State and your attorney as well as your request and sentence you now for the underlying charges that you were found guilty of.

We note the State and McGhee both advocated that he receive the more lenient of the two resentencing options before the court, and the court agreed, thereby sentencing McGhee so he was immediately eligible for parole (at the discretion of the parole board). Although the district court did not expressly state what factors it was considering in imposing the new sentence, the court seemed to consider the length of time McGhee had already been imprisoned—forty-three years, the education and programming he had completed during that time, and his chance for rehabilitation. While the sentencing court has been charged with considering a number of factors and circumstances, the court is not required to expressly

consider each factor on the record. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered. . . . Even a succinct and terse statement of reasons may be sufficient as long as the brevity displayed does not prevent us from reviewing the exercise of the trial court's discretion.").

Having considering the sentence imposed and the court's stated reasons, we find both that the district court used its discretion and considered the necessary factors. We affirm McGhee's sentence of life with immediate eligibility for parole.

**AFFIRMED.**