# IN THE COURT OF APPEALS OF IOWA

No. 21-0250
Filed November 3, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**GREGORY JOSEPH TROSIN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

A defendant appeals his sentence following his guilty plea to domestic abuse assault causing bodily injury. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Badding, JJ.

**BADDING, Judge.**

In this single-issue appeal, we are asked to decide whether the district court abused its sentencing discretion by denying Gregory Trosin's request for a deferred judgment based solely on the nature of the offense. Because the record shows the court properly weighed other pertinent factors, we affirm his sentence.

In October 2020, Trosin entered a written guilty plea to domestic abuse assault causing bodily injury. *See* Iowa Code § 708.2A(1), (2)(b) (2020). His charges stemmed from a custody dispute with his estranged wife that took place in front of their children. At the sentencing hearing, the State recommended the maximum sentence with all but seven days suspended and two years of probation. Trosin asked for a deferred judgment, pointing to his lack of criminal history, his young age, and his remorse. He also emphasized his education and career goals, which he was concerned would be negatively impacted by a conviction. The district court elected a sentence that was not as harsh as what the State requested but not as lenient as what Trosin wanted: two days in jail, a fine of $315 plus surcharges, and completion of the Iowa Domestic Abuse Program. Trosin appeals.[1]

Because Trosin does not claim that his sentence fell outside statutory limits, we review the district court's sentencing decision for an abuse of discretion. *See State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020). Under these circumstances, the sentence imposed "is cloaked with a strong presumption in its favor." *State v.*

---

[1] Because Trosin is not challenging his guilty plea, he has good cause to appeal this non-mandatory, contested sentence. *See State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

*Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). To overcome that presumption, Trosin must show the court's rationale for choosing the jail term was clearly untenable or unreasonable. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). He fails to do so.

In challenging his two-day jail sentence, Trosin contends the district court improperly relied on a single factor—the nature of the offense. *Id.* (recognizing that an abuse of discretion occurs "when only a single, nonspecific factor is identified by the sentencing court" (citations omitted)). He highlights this portion of the district court's reasoning as dispositive:

> I'm not granting your request for a deferred judgment. Because of all those reasons, I don't feel it's appropriate. I recognize there's going to be some possible consequences to that, but there's also a requirement, again, not just for what I need to do for you but what I need to do for everybody else. There's certainly going to be plenty of opportunity, you know, for employers to discuss and you can tell them your story whatever you want, but, you know, *you're the one that committed a crime and there's a consequence to that*.

(Emphasis added.)

Trosin ignores "all those reasons" that came before the above-quoted passage, which included the following:

> Mr. Trosin, at the time of sentencing I'm required to impose a sentence that I feel is appropriate to meet your needs for rehabilitation and also to do what's necessary to protect the community and your specific victim from any further offenses by you or by others. There's a number of things that factor into that: Your age, in your case the lack of prior criminal history, your employment, family, and personal circumstances that I've been made aware of, the recommendation of the parties, the nature of the offense, and anything else that I've learned about you throughout the proceeding.

After discussing the factors in support of granting a deferred judgment, the court was dissuaded by "other counterbalancing factors," including the apparent "pattern

of violence" between Trosin and his estranged wife and the children's exposure to their domestic incidents. The written sentencing order also reiterated these essential factors: "[His] age, attitude, criminal history, and employment, financial and family circumstances, as well as the nature of the offense, including whether a weapon or force was used in the commission of the offense, the recommendations of the parties, and other matters reflected in the Court file and record." *See State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982) (noting the sentencing court must consider "minimal essential factors" in exercising its discretion and not only the nature of the offense); *see also* Iowa Code § 907.5.

The record shows the district court considered more than one factor in imposing the sentence. After doing so, the court determined a two-day jail sentence was the best option for Trosin's rehabilitation and the community's protection. *See* Iowa Code § 901.5. It was within the court's discretion to make that judgment call. *Id.* Given this record, we decline to disturb that exercise of discretion. Thus, we affirm the sentencing decision.

**AFFIRMED.**