# IN THE COURT OF APPEALS OF IOWA

No. 22-0122
Filed January 25, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NATHAN SCOTT JURSKI,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Scott County, Mark Fowler, Judge.


    A defendant appeals the sentence imposed after his written guilty plea to assault causing serious injury. **AFFIRMED.**


    Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

    Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


    Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Nathan Jurski appeals the sentence imposed after his written guilty plea to assault causing serious injury, in violation of Iowa Code section 708.2(4) (2020). He alleges the district court failed to exercise its discretion by following a fixed sentencing policy due to Jurski's age. Finding no abuse of discretion, we affirm Jurski's sentence.

## I.  *Background Facts and Proceedings.*

On July 4, 2020, Jurski physically assaulted his ex-girlfriend, who is the mother of four of his children, leaving her with a fractured jaw and other injuries. The State charged Jurski as a habitual offender with multiple offenses including kidnapping, willful injury, and domestic abuse assault. In August 2021, Jurski filed a written guilty plea to the lesser-included offense of assault causing serious injury, a class "D" felony.

At the contested sentencing hearing, the State recommended a prison sentence consistent with the presentence investigation (PSI) report, while the defense requested a suspended sentence and probation. The PSI preparer was subpoenaed to testify on Jurski's behalf. He commended Jurski's turnaround after a difficult childhood and personally believed probation was appropriate, but his assessment was overridden by his supervisor. The court ultimately imposed a term of imprisonment not to exceed five years and a suspended fine of $1025. Jurski filed a timely appeal.

## II.  *Review.*

While the right of appeal is limited for convictions reached pursuant to a plea agreement, there is good cause for appeal when the challenge, as here, is to

the sentence rather than the guilty plea. *See* Iowa Code § 814.6(1)(a)(3); *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021). We review the sentencing order in a criminal case for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). We will not reverse the decision of the district court absent "an abuse of discretion or some defect in the sentencing procedure." *Id.* (citation omitted).

### III. Discussion.

Jurski argues the district court abused its discretion "by relying on a fixed sentencing policy based on his age." At the sentencing hearing, Jurski brought up his age during his allocution, stating: "I shouldn't be sitting here. I'm almost forty years old. This is completely backwards. Yeah, I regret it." Jurski urged leniency based on his lack of a substantial criminal record since 2010, sole custody of four of his children, and recent entrepreneurial success. The court explained its decision as follows:

> Now the question becomes whether I should put you on probation or not. Quite frankly, your statement that you do everything for your kids makes no sense compared to what you were doing that night. You know better. You're forty years old.
> . . . .
> The reasons for the sentence is [sic] this was a seriously violent crime. The facts are completely out of control, and I think you're well aware that you were out of control in this.

On this record, we are satisfied the district court considered appropriate sentencing factors and provided sufficient reasons for imposing a term of incarceration. Regardless of the time lapse in Jurski's significant history of criminal activity, the nature of this offense supports a more significant consequence. Moreover, "[t]he sentencing court has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v.*

*West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022).  "In exercising this discretion, the court may consider a variety of circumstances, including the nature of the offense and attending circumstances, as well as the defendant's age, character, propensities and chances of reform."  *State v. Boltz*, 542 N.W.2d 9, 10 (Iowa Ct. App. 1995).  The court was well within its province to acknowledge the defendant's age and did not appear to rest its decision solely on this factor or a fixed sentencing policy.  Accordingly, we find no abuse of discretion and affirm Jurski's sentence.

**AFFIRMED.**