# IN THE COURT OF APPEALS OF IOWA

No. 22-1128
Filed July 13, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARQUIS ALONZO MOORE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Michael Motto, District

Associate Judge.


        A defendant appeals the sentence imposed upon his conviction.

**AFFIRMED.**


        Ronald W. Kepford, Winterset, for appellant.

        Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney

General, for appellee.


        Considered by Ahlers, P.J., Badding, J., and Mullins, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**BADDING, Judge.**

As part of a global plea agreement covering three separate cases, Marquis Moore pled guilty to driving while barred as a habitual offender.[1] Under the agreement, the State would recommend "supervised probation conditioned upon successful completion" of a residential treatment program. The State abided by that recommendation at the sentencing hearing and specified that a suspended two-year indeterminate term of imprisonment should be imposed, to run concurrently to the sentences in one of the companion cases.

For his recommendation, defense counsel stated, "We don't have any particular objection to the recommendation by the State," before going on to request a deferred judgment for Moore. Counsel argued that granting a deferred judgment would give Moore a shot at becoming "a legally functioning member of the community" by getting his driver's license back. The State resisted that request because of Moore's long criminal history. The court agreed, rejected that option, and imposed the sentence otherwise agreed to by the parties.

Moore now appeals the sentence imposed.[2] He argues the district court's decision to impose a suspended sentence rather than grant his request for a

---

[1] This appeal only involves the sentence imposed upon this aggravated misdemeanor conviction. While Moore pled guilty to other charges in a separate felony case, and the sentencing hearing encompassed both cases, this appeal does not involve the sentences imposed on the convictions in the felony case. A serious misdemeanor case was also dismissed as part of the plea agreement.

[2] Because Moore pled guilty, he must show good cause before we have jurisdiction to hear his appeal. *See* Iowa Code § 814.6(1)(a)(3) (2020). While the plea agreement indicates there was an agreed-upon sentencing recommendation that the court ultimately adopted, at the sentencing hearing Moore advocated for a deferred judgment, which the State resisted. *Cf. State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020) (limiting a finding of good cause to "when the defendant appeals a sentence that was neither mandatory nor agreed to in the

deferred judgment was an abuse of discretion. Specifically, he claims "[t]he court did not consider [his] age, prior criminal record, employment, family circumstances, the nature of the offense committed, and harm to the victim," and the court "flatly failed to address the compelling and mitigating factors."

While the court did not specifically mention each of the factors Moore points to, that "does not necessarily mean [they were] not considered." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). And while Iowa Rule of Criminal Procedure 2.23(3)(d) requires a sentencing court to "state on the record its reason for selecting the particular sentence," it need not "give its reasons for rejecting particular sentencing options." *State v. Lloyd*, 530 N.W.2d 708, 713–14 (Iowa 1995). Even so, the court here gave its reasons for rejecting a deferred judgment:

> In looking at his history, I don't think he is appropriate for a deferred judgment either. I mean, I understand these aren't the most serious of charges that he's pleading guilty to, two driving while barreds and marijuana but he's—you know deferred judgments are appropriate when, you know, somebody is pretty young and we have something that's out of character, and Mr. Moore has a lot of prior driving while barreds and a domestic—or that was reduced from a felony. So anyway, I don't think a deferred judgment is appropriate in this case, but I will otherwise abide by the plea agreement and put him on supervised probation.

In its written sentencing order, the court additionally stated that it had considered the parties' plea agreement, along with the nature and circumstances of the offense.

---

plea bargain"). Because the initial joint sentencing recommendation turned into a contested one at the sentencing hearing, we find that Moore has established good cause for his appeal, giving us jurisdiction to proceed.

Though terse, we find no abuse of discretion in the court's decision. *See Boltz*, 542 N.W.2d at 11 ("Even a succinct and terse statement of reasons may be sufficient as long as the brevity displayed does not prevent us from reviewing the exercise of the trial court's sentencing discretion."). So, on the issue presented for our review in this appeal, we affirm.

**AFFIRMED.**