# IN THE COURT OF APPEALS OF IOWA

No. 22-2014
Filed August 30, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KEVIN KEITH ORRIS,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Washington County, Michael Schilling, Judge.


A defendant appeals from the sentence imposed following his guilty pleas to multiple counts of incest. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**


Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Kevin Orris appeals from the sentence imposed following his guilty plea to six counts of incest of a dependent adult, a class D felony in violation of Iowa Code sections 726.2, 235B.2(4), 692A.102(1)(b)(17), and 903B.2 (2021). Orris contends the district court abused its sentencing discretion and committed error that should invalidate his sentence. Finding error in the court's instruction to complete sex-offender treatment, we vacate only that portion of the order and affirm the remaining sentence.

## I. *Background Facts and Proceedings.*

In September 2021, the State filed criminal complaints against Orris for incest and third-degree sexual abuse involving his adopted daughter, H.O., who is a dependent adult. Law enforcement interviewed Orris prior to his arrest, and an excerpt of the video recording of this interview was admitted during his sentencing hearing as Exhibit 8. In this recorded interview, Orris denied that he paid his daughter twenty dollars to have sex with him. He admitted that he took his daughter to have abortions on two occasions and agreed he was likely the father in both instances. He acknowledged that he had had sex with her "quite a few times" because "she came to [him] all the time." He explained that the sexual relationship with his daughter began, in part, because he was no longer attracted to his wife, who had a stroke years ago and wears adult diapers. He said that his wife's condition "turned [him] off." He also admitted that he knew what he was doing was wrong and tried to cut back on the sexual activity but that his daughter had come to him almost every day asking for sex during the last year.

In September 2022, Orris pled guilty to six counts of incest in exchange for the State dismissing the sexual-abuse charges. To establish a factual basis for his guilty plea, Orris admitted to performing a sex act with H.O. in each year from 2016 to 2021 while knowing that he is related to H.O. In December, the court sentenced Orris to a five-year indeterminate term of incarceration for each of the six incest convictions and ordered the sentences to run consecutively. The court also ordered Orris to register as a sex offender and specifically ordered that Orris "shall participate in and successfully complete all requirements of the Sex Offender Treatment Program." Orris filed a timely notice of appeal.

## II. Review.

While the right of appeal is limited for convictions reached pursuant to a plea agreement, there is good cause for appeal when the challenge, as here, is to the sentence rather than the guilty plea. *See* Iowa Code § 814.6(1)(a)(3); *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021). We review the sentencing order in a criminal case for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* (citation omitted).

## III. Discussion.

Orris challenges three elements of his sentencing: (1) the consideration of Exhibit 8, (2) the lack of consideration for rehabilitation in crafting a sentence, and (3) the requirement to complete sex-offender treatment while incarcerated.

### A. Video Exhibit of Police Interview.

Orris argues the district court erred by admitting and relying upon the video excerpt of his police interview (Exhibit 8). He contends that Exhibit 8 was irrelevant

to sentencing because it contains references to conduct to which Orris did not admit when he pled guilty to the incest charges, and therefore, these references amount to unproven or unadmitted conduct that cannot be properly considered for sentencing. However, Iowa Code section 901.2 directs that "the court shall receive from the state, from the judicial district department of correctional services, and from the defendant any information which may be offered which is relevant to the question of sentencing." In exercising its sentencing discretion, "the court may consider a variety of circumstances, including the nature of the offense and attending circumstances, as well as the defendant's age, character, propensities and chances of reform." *State v. Boltz*, 542 N.W.2d 9, 10 (Iowa Ct. App. 1995). As the State points out, Orris's admissions within the exhibit were relevant because they inform the circumstances and nature of the crime he pled guilty to and reveal that Orris committed his crimes with the knowledge they were wrong. Therefore, this material satisfies the threshold for relevance to the court's task of reaching a sentence that fits Orris and his crime.

Even if relevant, the material still must be appropriate for consideration. "A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). But Orris's admissions on the video exhibit were made in relation to the offenses actually charged and were in fact admitted by him voluntarily.[1]

---

[1] The State argues the content of Exhibit 8 was also appropriate for the court's consideration because it was included in the minutes of testimony. However, "[t]he sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." *State v. Chapman*, 944 N.W.2d

Moreover, the court did not make any reference on the record or in the written order that would suggest it even considered the conduct described in the video exhibit when crafting its sentence. *See State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990) ("In order to overcome the presumption of the proper exercise of this discretion, there must be an affirmative showing that the trial judge relied on the uncharged offenses."). We find the court did not err in admitting the exhibit and affirm its order in this respect.

### B. Sentencing Discretion.

Orris argues the district court abused its discretion by focusing on retribution and deterrence rather than considering a sentence that would allow for Orris's rehabilitation. The court listed several factors that led it to impose consecutive prison sentences rather than concurrent terms or a suspended sentence. Several cited factors—such as being the victim's father and needing to protect her, as well as sending a message to the community—could be classified under the retributive and deterrent theories of punishment. However, the court also acknowledged circumstances related to rehabilitation, such as favorable comments from community members and the low likelihood of recidivism. Moreover, "the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Boltz*, 542 N.W.2d at 11. "Instead, we review a sentence for an abuse of discretion based on the entire record, and look to see if the reasons articulated by the trial court are sufficient to enable us to determine if an abuse of

---

864, 872 (Iowa 2020) (citation omitted). Therefore, it is not the existence in the minutes but Orris's admission to the conduct that makes it eligible for consideration.

discretion occurred." *Id.* "The sentencing court has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). On this record, we are satisfied the district court considered appropriate sentencing factors and provided sufficient reasons for imposing a term of incarceration. The sentence cannot be considered unreasonable or based upon untenable grounds in light of the appropriate standards acknowledged and considered by the district court. Because we find no abuse of discretion, we affirm the sentence imposed.

   *C. Sex-Offender Treatment.*

   Orris argues the court lacked authority to order him to complete sex-offender treatment while incarcerated. The State concedes this point and acknowledges the case should be remanded for the limited purpose of correcting this error. We agree that the court lacked statutory authority to enter this order, and therefore, it constitutes an illegal sentence. *See State v. Smith*, No. 18-2248, 2021 WL 1400772, at *3 (Iowa Ct. App. Apr. 14, 2021). Accordingly, we vacate this portion of the sentencing order but note that the department of corrections may still require Orris to complete sex-offender treatment. *See* Iowa Code §§ 903A.2, .4; *Dykstra v. Iowa Dist. Ct.*, 783 N.W.2d 473, 478–79 (Iowa 2010).

   **IV. Disposition.**

   We vacate the portion of Orris's sentence requiring him to complete sex-offender treatment while incarcerated and remand for entry of a corrected sentencing order that removes that requirement. We affirm Orris's sentence in all other respects.

   **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**