# IN THE COURT OF APPEALS OF IOWA

No. 22-1639
Filed November 8, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DANIEL TODD LITTLE,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.


        Daniel Little appeals the sentence imposed by the district court after he pled guilty to three counts of second-degree sexual abuse, possession of methamphetamine with intent to deliver, indecent contact with a child, and prohibited person in possession of ammunition. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


        Considered by Ahlers, P.J., Chicchelly, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

Daniel Little and the State entered into a plea agreement in which Little would plead guilty to three counts of second-degree sexual abuse, possession of methamphetamine with intent to deliver, indecent contact with a child, and prohibited person in possession of ammunition. Little determined it was in his "best interest under these circumstances to accept responsibility for the acts" and "argue for any legal sentence, potentially running all counts concurrent if the Court chose to do so," while "[t]he State [was] free to argue for consecutive sentences."

At sentencing, the defense noted Little "was using a lot of different types of drugs and using them often" and "there's a lot of things going on here with him that involves his mental health," but "[t]hose are things [he] is committed to trying to figure out while incarcerated." Little added, "Now that I've had the chance to be sober and I've learned the mistakes I've made, I've taken responsibility for the choices and the things that I've done." Little requested "the opportunity and show me the forgiveness that the others have and allow me to get the treatment and the help that I need." As "recognition of [Little's] acceptance of responsibility," the State recommended the court run two of the sexual-abuse sentences consecutive with each other and the other sentences concurrent, for a total sentence of fifty years of incarceration with a mandatory thirty-five years before eligibility for parole.

The district court considered relevant factors of Little's age, employment circumstances, family circumstances, criminal history, statements to the court, circumstances of the crimes, chances for rehabilitation, and the need to protect the community from further offenses. The court further stated:

All right. So the Court's had an opportunity to review the presentence investigation. The Court has indeed reviewed the minutes of testimony, which were used in support of the defendant's guilty pleas. The Court has heard from Mr. Little himself. The Court has heard the argument of counsel. And the Court has heard from the victim's mother in this case.

After doing all of those things, Mr. Little, you should understand that I believe that justice should always be tempered with mercy, and you're asking for mercy from the Court. I'm a firm believer of that. However, Mr. Little, I also believe society's highest obligation above all else is protecting its children.

While I fully understand you've pled guilty to the counts you've pled guilty to, I agree with [the State] that it would be inappropriate for me to consider your federal charges. Therefore, I will not consider your federal charges or potential exposure in federal court.

What [the victim's mother] detailed in her victim impact statement was more than just the impact on the victim. She detailed the impact on her, her son, and not just in 2021 or 2022, but what that impact looks like potentially 5 or 10 or even 15 years down the road. So the crimes that you committed have a ripple effect, and the damage done very well may be irreparable.

Mr. Little, I certainly understand that this disposition is not something that you wanted, but I believe it is the disposition that justice truly requires. I will commit you to the custody of the Director of the Department of Corrections for a term not to exceed 25 years for Count I, 25 years for Count II, 25 years for Count III, 25 years for Count IV, 2 years for Count V, and 5 years for Count VI. But for the fact that the State has chosen to limit its recommendations to 50 years, Mr. Little, given the facts of this case, given your criminal history, I would have run every single one of these terms consecutive to each other.

Given the State's recommendations, Counts I and III shall be served consecutive to each other, but concurrent on the remaining counts in the trial information, which shall be served concurrent with each other as well, for a total term of incarceration not to exceed 50 years. Mandatory minimum is 70 percent to be served on the consecutive terms pursuant to Iowa Code Section 902.12.

On appeal,[1] Little claims the court abused its discretion by "not adequately consider the mitigating circumstances," including "that [he] had been a substance

---

[1] Because Little appeals his sentence, he has established good cause to appeal. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

abuser for most of his life and was a daily methamphetamine user prior to his arrest" and "had mental health problems prior to the crimes."

We review sentencing rulings for correction of errors at law. *Damme*, 944 N.W.2d at 103. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). While the court must "consider all the circumstances of a particular case . . . , it is [not] required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (internal citation omitted). Indeed, "the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.* "Instead, we review a sentence for an abuse of discretion based on the entire record, and look to see if the reasons articulated by the trial court are sufficient to enable us to determine if an abuse of discretion occurred." *Id.* Here, the court noted it had considered the presentence investigation report, defense counsel's statements, Little's statements, and the statements of the victims' mother—all of which referenced either Little's substance abuse, mental health, or both. On our review, we find the district court did not abuse its discretion "on grounds or for reasons that were clearly untenable or unreasonable" in imposing Little's sentence. *See Formaro*, 638 N.W.2d at 724. We therefore affirm.

**AFFIRMED.**