# IN THE COURT OF APPEALS OF IOWA

No. 23-0478
Filed February 7, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TYDEN DANIEL CLARK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County,
Michael J. Schilling, Judge.


        Tyden Clark challenges the sentence imposed for his conviction of robbery
in the first degree.  **AFFIRMED.**


        Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney
General, for appellee.


        Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

In February 2022, sixteen-year-old Tyden Clark was charged in adult court with two counts of robbery in the first degree in violation of Iowa Code sections 711.1(1) and 711.2 (2022). Clark filed a motion to transfer jurisdiction to juvenile court, which the district court denied. Clark entered a plea agreement with the State. Consistent with the terms of the agreement, Clark pleaded guilty to one count of robbery in the first degree. Prior to sentencing, the Eighth Judicial District Department of Correctional Services prepared a presentence investigation report that recommended Clark's incarceration.

At sentencing, Clark presented testimony from his mother, his teacher at the juvenile detention center, and one of the detention center officers. His mother testified to his mental-health issues and her failure to properly manage his medications. She also testified about her drug abuse; the family's lack of stable housing; and her failure to supervise Clark over the course of his life, specifically in the months leading up to the crime. His teacher testified that Clark's behavior had improved and he applied himself to his schoolwork. However, he noted there were some behavioral incidents in the year Clark had been at the detention center and he had no way of knowing how Clark would behave when not under the supervision provided at the detention center. The officer testified that when Clark first arrived at the detention center, his behavior was more playful and defiant, but that his behavior significantly improved and now he provided a good example to others at the center. Both the teacher and officer testified that they had not observed anything that would lead them to believe Clark could not succeed on probation. In addition to taking testimony, the district court considered exhibits

demonstrating multiple child abuse assessments against Clark's mother, his improved grades while at the detention center, his mental-health diagnoses, and his behavioral struggles during the first several months of his detention.

Clark argued that because of the features of his youth, his troublesome home environment, and his demonstrated ability to be rehabilitated, he should receive a deferred judgment and be placed on probation with placement at a residential facility. Alternatively, he asked for a suspended sentence with formal probation and placement in a residential facility.[1] The State pointed to the nature of Clark's offense and then argued that the features of his youth only minimally mitigated his culpability. The State also claimed that incarceration would provide the best opportunity for rehabilitation because of Clark's need for structure, arguing the court should sentence him to twenty-five years in prison with no mandatory minimum.

The court rejected Clark's request for a deferred judgment or a suspended sentence. Instead, the court sentenced Clark to serve a term of confinement not to exceed twenty-five years with no mandatory minimum sentence. Clark appeals. He contends the district court abused its discretion in sentencing him to prison

---

[1] Even though Clark pleaded guilty to an offense defined as a forcible felony, *see* Iowa Code § 702.11(1), because he was a juvenile at the time of committing the offense, he was eligible for a deferred judgment or a suspended sentence— sentencing options for which he would not be eligible had he been an adult at the time the crime was committed. *See id.* § 907.3 (making a defendant who has committed a forcible felony ineligible for a deferred judgment, deferred sentence, or suspended sentence); *see also id.* § 901.5(13) (making a defendant eligible for a deferred judgment, deferred sentence, or suspended sentence if the defendant was under the age of eighteen at the time of the offense even if the defendant would be ineligible for such sentencing options if the offense were committed as an adult).

because it did not give enough weight to the factors set forth in *Miller v. Alabama*, 567 U.S. 460 (2012) and *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014) and gave too much weight to deterrence and retribution. He asks us to remand to the district court with instructions to enter a deferred judgment with probation.

Because Clark challenges only his sentence, he has established good cause to appeal despite his guilty plea. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (holding that good cause to appeal following a guilty plea within the context of Iowa Code section 814.6(1)(a)(3) exists "when the defendant challenges his or her sentence rather than the guilty plea"). As the district court imposed a sentence within the statutory limits, *see* Iowa Code §§ 902.9(1)(b), 901.5(13), we review the sentence for abuse of discretion. *State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020). A sentencing decision may be an abuse of discretion if the court fails to consider a relevant and weighty factor, "gives significant weight to an improper or irrelevant factor," or imposes a sentence "outside the limited range of choice dictated by the facts of the case." *Id.* (quoting *State v. Roby*, 897 N.W.2d 127, 138 (Iowa 2017)). The defendant has the burden to show the court abused its discretion. *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018).

Under the sentence imposed, Clark is immediately eligible for parole, so the court was not required to hold a hearing on the *Miller/Lyle* factors. *See id.* at 173. Even though a *Miller/Lyle* hearing was not required, the court was still obligated to consider any mitigating circumstances, including applicable *Miller/Lyle* factors. *Id.* Those factors are:

> (1) the age of the offender and the features of youthful behavior, such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the particular "family and home environment"

that surround the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change.

*Lyle*, 854 N.W.2d at 404 n.10 (quoting *Miller*, 567 U.S. at 477).

Nothing in the record suggests the court failed to consider an applicable *Miller/Lyle* factor. In fact, the record shows the opposite. At sentencing, the district court, while finding it unnecessary to go into detail on the first factor, explained that Clark's youth (along with the other factors) weighed against imposing a mandatory minimum. The court, analyzing the second factor, recognized that Clark had been raised by a mother struggling with addiction. Under the fifth factor, the court also recognized Clark's strong progress toward rehabilitation since his arrest. On the other hand, the court did not seem to find the fourth factor (difficulties navigating the criminal process) to hold much weight and did not address it. The record supports this conclusion. As to the third factor, the court acknowledged the evidence presented by both parties but assigned significant weight to the use of a firearm during the offense, that it was a violent offense under Iowa law, and the impact on the victims.

Clark's argument on the *Miller/Lyle* factors is simply that the court did not duly consider the evidence supporting Clark's diminished culpability. But "the court is not required to specifically examine and apply each factor on the record . . . ." *Crooks*, 911 N.W.2d at 173. "Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). And the sentence imposed reflects that the district court accounted for the mitigating circumstances of Clark's

youth presented at sentencing. *See State v. Propps*, 897 N.W.2d 91, 99 (Iowa 2017) ("[T]he opportunity for parole lessens the severity of the sentence."). The district court did as required and considered all the relevant mitigating factors. Clark cannot overcome the strong presumption of validity we give the sentence just because the facts could also support a deferred judgment or suspended sentence. *See Crooks*, 911 N.W.2d at 171 ("Sentencing decisions of the district court are cloaked with a strong presumption in their favor.").

Clark also argues that the district court's focus on deterrence and retribution was misguided because deterrence and retribution are less effective and meaningful for juveniles. But the court "can and should weigh public safety (incapacitation), deterrence, and retribution when sentencing juvenile offenders for violent felonies." *Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 647 (Iowa 2019). Since these are not improper or irrelevant factors, the district court did not abuse its discretion in considering them or giving them substantial weight. *See Majors*, 940 N.W.2d at 385.

We find that the district court considered proper mitigating factors, including relevant *Miller/Lyle* factors; did not consider inappropriate factors; and imposed a sentence within the statutory limits and supported by the evidence. *See id.* at 387 ("[I]f the court follows our outlined sentencing procedure by conducting an individualized hearing, applies the *Miller/Lyle/Roby* factors, and imposes a sentence authorized by statute and supported by the evidence, then we affirm the sentence."). We find no abuse of discretion and affirm Clark's sentence.

**AFFIRMED.**