# IN THE COURT OF APPEALS OF IOWA

——————————

No. 25-0844
Filed April 15, 2026

——————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Destiny Bailey Dweh,**
Defendant–Appellant.

——————————

Appeal from the Iowa District Court for Polk County,
The Honorable Ashley Stewart, Judge.

——————————

**AFFIRMED**

——————————

Katherine R.J. Scott of New Point Law Firm, PLC, Ames,
attorney for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney
General, attorneys for appellee.

——————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Buller, J.

1

**BULLER, Judge.**

Clive police found Destiny Dweh driving a stolen vehicle. She pled guilty to operating a motor vehicle without the owner's consent, an aggravated misdemeanor in violation of Iowa Code section 714.7 (2024). The district court granted her a deferred judgment and placed her on probation.

Five months later, a lengthy report of probation violations was filed, detailing among other violations Dweh's failure to attend required programming, failure to pay fines or fees, positive drug tests, and refusals to drug test. Dweh stipulated to multiple violations and was held in contempt, subject to purge if she completed substance-abuse and mental-health evaluations, attended programming, and complied with terms of probation.

Two months after that, another report of violation detailed that Dweh failed to complete the required substance-abuse evaluation, would not follow mental-health treatment recommendations, and had another positive drug test. She again stipulated to the violations.

Following a contested hearing, the district court revoked Dweh's deferred judgment and ordered her incarceration. The court emphasized Dweh's multiple probation violations, unmet mental-health needs, noncompliance with treatment, and refusal to abide by terms of probation.

Dweh appeals, claiming the court failed to adequately consider her lack of criminal history and mental health. But our review is for abuse of discretion. *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019). And the court was not required to name each mitigating factor. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). We discern no abuse of discretion given Dweh's repeated probation violations.

**AFFIRMED.**