# IN THE COURT OF APPEALS OF IOWA

---

No. 25-1590
Filed May 27, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**Lille Victoria Barnett,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Boone County,
The Honorable John R. Flynn, Judge.

---

**AFFIRMED**

---

Cathleen J. Siebrecht of Siebrecht Law Firm, Pleasant Hill,
attorney for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

Lillie Barnett arranged a robbery by luring a man to three of her compatriots waiting with guns. The compatriots beat the man and stole his money, drugs, and car. Barnett pled guilty to first-degree robbery, a class "B" felony in violation of Iowa Code sections 711.1(1)(b) and 711.2 (2025).

At sentencing, the court's discretion was limited to setting a mandatory minimum between 50% and 70% of the twenty-five-year term. Iowa Code §§ 902.9(1)(b), 902.12(3). The court—through the same judge who took the plea—selected 70%. The court expressly considered Barnett's age (nineteen), substance-abuse history, family background, criminal history, the pre-sentence investigation report, the parties' recommendations, letters submitted by Barnett, the nature of the offense and Barnett's role in it, the risk of recidivism, and general and specific deterrence.

Barnett appeals, challenging the 70% mandatory minimum. We review this part of the sentence for an abuse of discretion, and we avoid second-guessing the sentencing court's decision. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002); *State v. McCalley*, 972 N.W.2d 672, 676 (Iowa 2022). Barnett essentially urges the district court should have put more weight on her age, personal history, acceptance of responsibility evidenced by the guilty plea, and her role as an aider and abettor rather than principal. But the district court is not required to expressly address every mitigating factor. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). And on this record, we are satisfied the district court weighed appropriate sentencing factors and did not abuse its discretion. *See State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023) ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently.")

**AFFIRMED.**