# IN THE COURT OF APPEALS OF IOWA

No. 22-0120
Filed March 29, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAY ROBERT BLANK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Christopher L. Bruns,

Judge.


        A defendant appeals his sentence for third-degree burglary.  **AFFIRMED.**



        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**TABOR, Presiding Judge.**

A jury convicted Jay Blank of burglarizing Blake Taylor's home. At Blank's sentencing hearing, he requested a suspended prison sentence of up to five years with three years of supervised probation. The State asked the district court to impose the indeterminate five-year prison sentence. Concerned by a contradiction between Blank's testimony and his statement to the presentence investigator, the court adopted the State's recommendation. Blank now claims the court's focus, solely on that inconsistency, requires resentencing. Because the record shows the court considered other appropriate sentencing factors, we affirm.[1]

At trial, Taylor testified that he came home one afternoon to find his door "partially opened." Inside, he discovered holes in his walls and damage to a memorial to his deceased father. His father's ashes were "dumped out" and the chest holding the cremains was punctured. Photos of his father were ripped off the wall and glass picture frames were shattered. Blank admitted going to Taylor's home. But he claimed Taylor's door was unlocked and he denied causing any damage. The State also presented hostile text messages between Taylor and Blank. When Taylor confronted Blank about the vandalism, Blank responded: "u disrespect my sister ill disrespect your father." Taylor had texted that he would "piss on" Blank's deceased sister's grave.

After the jury's guilty verdict, the court ordered a presentence investigation (PSI) report. In his version of events, Blank told the PSI report's author that "the

---

[1] We review the sentencing order for the correction of legal error. *See State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). We will reverse if the prison term reveals an abuse of discretion or arises from a defect in the sentencing procedure. *Id.* (citing *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)).

victim was 'texting smack' so he said he had it and went to the victim's residence to fight." Blank said, "when he arrived, he entered the residence and the victim was not there. He acknowledged doing some damage at the residence," but said he didn't steal anything. The PSI report recommended a suspended sentence and three years of supervised probation.

When it came time for sentencing, Blank endorsed the PSI report's recommendation. By constrast, the State urged that prison was appropriate because of Blank's callous actions in destroying the memorial for Taylor's father. The State also noted that Blank "acknowledged doing some damage" at Taylor's residence in the PSI report—contradicting his trial testimony.

The court sentenced Blank to five years in prison. And made a "short thumbnail" addressing Blank's contradictory statements:

> I noted that your statements to the PSI [report], which you did not ask to correct, are not consistent with your sworn testimony at trial. I don't know whether you weren't telling us the straight story, but at one of those points in time you aren't telling a straight story. . . . You appear to me to have a terrible attitude and not be a good subject for rehabilitation through street probation. And instead, I believe you need the shock of going to prison so that you can see what awaits you if you continue to commit criminal offenses, which is why I'm sentencing you to prison.

Blank now argues this "thumbnail" bore the entire weight of the district court's sentencing decision. He contends the court disregarded other factors, such as his acceptance of responsibility, his commitment to seeking treatment, and a successful deferred judgment. [2]

---

[2] Blank received a deferred judgment on a drug offense in 2018 and successfully completed his probation in 2020.

We reject Blank's argument. Starting from the top: a court's "failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). And upon digging deeper into the record, we find the district court *did* weigh other factors. In choosing the sentence, the court considered "the maximum opportunity" for Blank's rehabilitation, protection of the community, the nature of his offense, his prior convictions,[3] his personal and family characteristics, the PSI report, and the recommendations of the parties. *See* Iowa Code §§ 901.5, 907.5(1) (2022). Among those factors, the court relied most on "the nature of this offense," Blank's previous convictions, and the State's recommendation—not his contradictory statements.

We see no abuse of discretion in the sentencing decision. The court was free to weigh Blank's contradicting statements. *See State v. Hickey*, No. 15-1397, 2016 WL 1366837, at *1–*2 (Iowa Ct. App. Apr. 6, 2016) (finding no abuse of discretion where district court weighed the defendant's dishonesty). Beyond this reasoning, the court considered other appropriate sentencing factors. *See* Iowa Code §§ 901.5, 907.5(1). Because the district court properly exercised its discretion, we will not disturb Blank's sentence.

**AFFIRMED.**

---

[3] Blank had 2016 convictions for operating a vehicle while intoxicated, first offense, and for possessing a fake ID card.