# IN THE COURT OF APPEALS OF IOWA

No. 21-1782
Filed April 26, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DAVID MICHAEL STEPHEN BLOOMER,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (South) County, Mark Kruse, Judge.

Defendant appeals his sentence on a conviction of second-degree burglary.
**AFFIRMED.**

Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Chicchelly, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

David Bloomer appeals the indeterminate prison sentence not to exceed ten years imposed after his plea of guilty to burglary in the second degree. The district court did not abuse its discretion in imposing a sentence of prison time instead of probation. We affirm Bloomer's sentence.

## I.    Background Facts and Proceedings

Bloomer used force to enter an apartment and struck an occupant numerous times. He was subsequently arrested and charged with burglary in the first degree. He entered a plea of not guilty. In addition to his already lengthy criminal record, during pre-trial release, Bloomer committed additional offenses. Bloomer eventually entered a guilty plea to burglary in the second degree. The plea noted that the parties would be free to argue for any legal sentence. A presentence investigation report (PSI) recommended that Bloomer be sentenced to incarceration.

At the sentencing hearing, the State recommended incarceration due to the nature of the crime, Bloomer's additional offenses committed while on pre-trial release, and his substantial criminal history. Bloomer, on the other hand, requested probation and presented numerous mitigating factors for the court to consider including the events that led up to the offense, his lack of violent offenses since the incident, and the overall positive changes in his life. In addition, Bloomer spoke on his own behalf accepting responsibility for his conduct and presented statements of support from family and friends.

Bloomer was ultimately sentenced to a prison term not to exceed ten years. The district court stated it had considered numerous factors in the sentencing

decision such as the maximum opportunity for rehabilitation, protection of the community from committing further offenses, and the nature of the offense committed, among others. Bloomer appeals.

## II. Standard of Review

A sentence that is within the statutory limits is reviewed for abuse of discretion. *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

## III. Analysis

On appeal, Bloomer argues the district court abused its discretion when it imposed a prison sentence and failed to consider probation where he could continue to be in the community setting for his sentence and continuing treatment needs. He argues that while there are numerous factors to consider when imposing a sentence, the district court placed too much emphasis on his past criminal history and the assaultive nature of the offense and not enough on mitigating factors showing significant change in his life since the offense was committed, particularly his active participation in substance-abuse and mental-health treatment. In addition, Bloomer argues the district court failed to specify why prison would be a more effective form of rehabilitation than another treatment option in the community setting.

A district court has discretion to impose a sentence that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2021). To determine the proper sentence, the court should weigh and consider "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967). Additional factors to consider include the defendant's prior convictions and deferred judgements, employment circumstances, family circumstances, and mental-health and substance-abuse history as well as the treatment options in the community setting that are available. Iowa Code § 907.5(1).

While the court must state on the record its reasons for imposing a particular sentence, it is generally "not required to give its reasons for rejecting particular sentencing options." *State v. Loyd*, 530 N.W.2d 708, 713–14 (Iowa 1995). Further, as articulated in *State v. Boltz*, "the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Here, the district court properly considered and weighed all factors and circumstances when it imposed a prison sentence. First, the court noted the assaultive nature of this particular offense and how it endangered the victims' lives, including that of an infant who was present. The court next noted Bloomer's extensive criminal record from the PSI that included both violent and non-violent offenses that have occurred since he was a juvenile, with various types of rehabilitation services. Finally, the court made note of Bloomer's poor conduct

during pre-trial release, during which he was charged with additional offenses. In balancing rehabilitative needs and the protection of the community, the court found these factors to weigh heavily in favor of a prison sentence.

The court also noted the mitigating factors it considered when making the decision. This included the statements of support, the Alcohol and Drug Dependency Services letter, and Bloomer's current employment situation. Although the court stated "I see all the things that you've changed," ultimately it was not enough for the court to feel confident that at the time of sentencing probation was in Bloomer's or the community's best interest. The court provided more than adequate reasoning for its sentencing decision, weighing all factors, including the mitigating factors presented by Bloomer. Therefore, a prison sentence instead of probation was well within the discretion of the district court to impose and its justification adequate at the sentencing hearing.

## IV.    Conclusion

The district court did not abuse its discretion in imposing a sentence of prison time instead of probation. We affirm the decision of the district court.

**AFFIRMED.**