# IN THE COURT OF APPEALS OF IOWA

No. 23-0327
Filed February 7, 2024


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DENNIS JAMES BOONE JR.,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judges.


        Dennis Boone Jr. appeals the sentence imposed by the district court following his guilty plea to possession of a firearm as a felon.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, Nicholas E. Siefert and Kyle Hanson (until withdrawal), Assistant Attorneys General, and Matt Braun, Student Legal Intern, for appellee.


        Considered by Bower, C.J., Schumacher, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**BOWER, Chief Judge.**

Dennis Boone Jr. appeals the imposition of a prison sentence after entering a guilty plea to possession of a firearm as a felon. We affirm.

## I. Background Facts and Proceedings

Boone and the State entered into a plea agreement in which Boone would plead guilty to possession of a firearm as a felon and the State would "agree[] to not refer [the] case for federal prosecution." At sentencing, the State recommended the court order Boone serve a term of imprisonment of not more than five years, to run consecutively to a sentence in Linn County where he was already on probation. Boone requested the district court suspend the sentence and consider placing him in a "residential facility." Boone also asked the court to run this sentence "concurrent to the Linn County case." The defense highlighted the "unique" situation resulting in Boone's arrest, that he was "not driving around threatening people" or "running from authorities"; rather, when officers came to his home to serve an arrest warrant,[1] he was compliant and revealed he had a weapon.[2] Boone added, "I've never shot or killed anyone. I'm not violent"; "I apologized for having that weapon. I know I wasn't supposed to have that weapon." The defense also noted Boone had "accepted responsibility for that action by entering a plea in this matter and is asking the Court for a second chance."

---

[1] We note the arrest warrant served on Boone was related to a probation violation in Linn County.

[2] Boone acknowledges officers came to his home "to serve a warrant" on him for the Linn County case, at which time "[t]he firearm (pistol) was seized from [his] waistband."

The district court considered several relevant factors including Boone's age, criminal history, employment circumstances, and family circumstances; the presentence investigation report (PSI); the parties' statements to the court; the circumstances of the crimes; Boone's chances for rehabilitation; and the need to protect the community from further offenses. The court further stated:

> The Court would note that I placed particular—or paid particular attention to Mr. Boone's past criminal history in this case and, had we had a situation where he had not had the recent Linn County conviction and absconded from probation there, the Court would find that the correctional services available through the [residential facility] or probation—further probation might be appropriate. But in light of all of the most recent history especially from Linn County, the Court does not find that a suspended sentence would be appropriate and, therefore, I will sentence the defendant to a term of imprisonment not to exceed five years. The $1025 fine and 15 percent surcharge will be suspended.
>
> Given the past criminal history I've referred to and which includes, again, absconding from probation in Linn County, and the serious nature of possessing weapons as a felon, the Court does find that it is appropriate to run this case consecutive to the sentence in Linn County case FECR139444. . . .
>
> The five-year sentence I'm pronouncing does not necessarily mean that you will serve the entire five years. That five-year sentence may be cut nearly in half by work credit, good time credit, and educational credit. The parole board is entirely responsible for determining how much time you serve, and you may be eligible for parole before your sentence in this case is discharged.

On appeal,[3] Boone claims the court abused its discretion by "imposing prison, rather than affording him probation supervision." To support his claim, Boone points out "[a]lthough [he] has a criminal history, including prior weapons charges, his prior offenses did not include active violence or the infliction of injuries upon others." He also states he was "wholly cooperative with law enforcement" at

---

[3] Because Boone appeals his sentence, he has established good cause to appeal. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

the time of his arrest and has "accepted responsibility for the felon in possession charge by entering a plea of guilty." According to Boone, a suspended sentence would allow him to "become reemployed" and "take care of his children, as well as of his wife who had just recovered from a serious health condition."[4]

## II. Standard of Review

We review sentencing decisions for correction of errors at law. *Damme*, 944 N.W.2d at 103. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "[W]e review a sentence for an abuse of discretion based on the entire record, and look to see if the reasons articulated by the trial court are sufficient to enable us to determine if an abuse of discretion occurred." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

## III. Analysis

Here, the court noted it had considered the PSI, Boone's criminal history, and the circumstances of the instant crime—which led to the court's apprehension about whether supervised probation would be "appropriate." Indeed, Boone had "a history of probation violations and noncompliance with [c]ourt orders," and he had absconded from probation supervision. And although Boone had not "shot or killed anyone," the year prior he was charged after he "pointed a loaded . . . shotgun at [a woman]." Upon our review, we find the district court did not abuse

---

[4] At sentencing, Boone stated his "wife" had "just recovered from meningitis."

its discretion "on grounds or for reasons that were clearly untenable or unreasonable" in imposing Boone's sentence. *Formaro*, 638 N.W.2d at 724. We therefore affirm.

**AFFIRMED.**