# IN THE COURT OF APPEALS OF IOWA

No. 23-0416
Filed February 7, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CASSI MAE BIRD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert (guilty plea) and Lawrence P. McLellan (sentencing), Judges.

Cassi Bird appeals the sentence imposed by the district court following her guilty plea to possession of methamphetamine with intent to deliver and drug tax stamp violation. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Chicchelly, JJ.

**BOWER, Chief Judge.**

Cassi Bird and the State entered into a plea agreement where Bird would plead guilty to possession of methamphetamine with intent to deliver as a lesser class "C" felony count, one drug tax stamp violation, each with the habitual offender enhancement. In exchange, the State would dismiss the Iowa Code section 124.411(2022) second- and-subsequent-offender enhancement provision and all remaining counts of the trial information. The parties agreed they would jointly recommend sentences on the two counts run consecutively to one another for a term not to exceed thirty years with a mandatory minimum of six years. Additionally, the parties would be free to argue for any legal disposition of the thirty-year term, specifically whether the thirty-year term should run consecutive or concurrent to Bird's separately pending parole matter.

The district court sentenced Bird to an indeterminate fifteen-year prison term, with a mandatory minimum of at least three years, on each count. The court ordered the terms to be served consecutively for a total indeterminate term not to exceed thirty years with a mandatory minimum of six years and consecutive to Bird's pending parole matter.[1]

In its statement of reasons for the sentence, the court stated:

> Court knows of no legal reason why sentence and judgment should not be pronounced. And the Court in pronouncing sentence and judgment has considered Ms. Bird's age, her prior record of convictions, her employment and family circumstances.

---

[1] The court further ordered submission of a DNA sample, imposed a firearm prohibition, imposed but suspended a $1000 fine and 15% surcharge on Count I, and ordered payment of category B restitution. It then dismissed the second-or subsequent-offender enhancement, as well as the remaining counts of the trial information at Bird's cost.

Court has also considered her history of substance abuse and the various treatment options that she's had. Court also considers the nature of the offenses committed here[;] the plea agreement that the parties have outlined for the court; and the Court has also reviewed and considered the comments in the presence investigation report.

Court has also considered all the sentencing options that are available under the statute. And the Court concludes that the following judgment and sentence provides the maximum opportunity for rehabilitation of Ms. Bird and the protection of the community from further offenses by her.

The court went on to further elaborate:

With regard to the request for essentially probation and sending you to Bridges, the Court is going to deny that request. The Court is going to remand you to the Department of Corrections.

That's primarily based upon your record and the fact—particularly in light of the fact that you were on parole for essentially the same charges that we're looking at here, so the Court believes that a term of incarceration is the better sentence here than probation.

Court is going to run the sentence here consecutive to each other for a total period not to exceed thirty years, and then this thirty-year term will run consecutive to your parole.

Court is running these sentences consecutive to each other and to your parole based upon the separate and serious nature of each of the charges, to carry out the plea agreement as to Counts I and II and the fact that the present crimes were committed while you were on parole and the fact that the crimes for which you were on parole are essentially the same as what you have now been charged with.

Bird argues the court improperly incorporated the plea agreement into its sentencing consideration when it elected to impose its sentence and states, "resentencing is required based on the utilization of an improper sentencing consideration." Bird also points to the court's written statement of reasons in which the court cites the plea agreement among its reasons for the sentences imposed.

The State asserts the court's sentencing decision was based on Bird's criminal acts, criminal history, and past failures on parole. The State further argues

the court had to have knowledge of the plea agreement, as required by Iowa Rules of Criminal Procedure 2.8(2)(b)(8), .8(2)(b)(9), .8(4)(b), and .10(2), but never stated it relied on the dismissed counts or the concessions on the counts Bird pleaded guilty to when imposing sentencing.

We review sentencing rulings for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2022). "[W]e review a sentence for an abuse of discretion based on the entire record, and look to see if the reasons articulated by the trial court are sufficient to enable us to determine if an abuse of discretion occurred." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Here, the court noted it considered Bird's history of substance abuse and various treatment options previously provided. The court further noted the nature of the offenses committed and the comments in the presentence investigation report. Indeed, it did make note of the plea agreement outlined by the parties. However, the court merely made a general reference to the parties' plea agreement, not indicating it gave it further consideration. Upon our review, we find the district court did not base its sentencing decision "on grounds or for reasons that were clearly untenable or unreasonable," so it did not abuse its discretion. *Formaro*, 638 N.W.2d at 724. We therefore affirm.

**AFFIRMED.**