# IN THE COURT OF APPEALS OF IOWA

No. 24-0344
Filed October 2, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EDGAR JOSEPH WASHINGTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Mark T. Hostager,

Judge.


        A defendant appeals his sentence for assault causing injury.  **AFFIRMED.**


        Gregory F. Greiner, West Des Moines, for appellant.

        Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant

Attorney General, for appellee.


        Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**TABOR, Chief Judge.**

Edgar Washington pleaded guilty to assault causing bodily injury for striking another inmate in the face while they were both in the bullpen of the Dubuque County Jail. The district court sentenced him to 180 days in jail, all but sixty days suspended. Washington appeals, arguing that the court did not give enough weight to the mitigating factors he raised. Finding the court properly considered both mitigating and aggravating factors, we affirm Washington's jail sentence.

## I.      Facts and Prior Proceedings

Washington was taken into custody and placed in a large holding cell with another inmate. To avoid being seen, Washington wetted toilet paper in the sink and threw it at the surveillance camera. But part of the lens remained uncovered, and the video captured Washington's attack on a fellow inmate who was sitting on a bench eating lunch. Jailers rushed in to quell the disturbance and sought treatment for the victim. The victim suffered pain to his teeth and a bloody nose.

The State charged Washington with assault causing bodily injury, a serious misdemeanor, in violation of Iowa Code section 708.2(2) (2023). In his guilty plea, Washington admitted: "I struck [the victim] in the face with my open hand, causing his nose to bleed."

At sentencing, the prosecutor showed the jail video to the court. Calling the assault "premeditated" and "unprovoked," the prosecutor asked for the maximum term—365 days in jail. By contrast, defense counsel recommended that Washington receive time served—thirty-four days.

To explain his behavior, Washington testified: "I got some schizophrenic issues. I don't like being observed." Describing the lead-up to the assault,

Washington said he came into the jail with an abscessed tooth and had to wait hours without medical attention. He recalled yelling for pain relief, which riled a fellow inmate. "He didn't like the fact that I was making it vocal that I was trying to get their attention." Washington said, "He even made a comment saying that he could knock the tooth out with the tray that he had in his hand." But Washington conceded that the victim did not deserve to be assaulted. Washington told the judge: "That situation just wasn't my best mode of thinking."

Before imposing sentence, the court discussed the violent nature of the offense and the victim's injuries. The court also noted Washington's criminal history, particularly an aggravated battery conviction from 2013. The court said: "I understand it was a while ago, but at the same time my hope is always that the punishment from the last offense will help prevent another one from happening. And that didn't happen here." The court also acknowledged that Washington had "taken responsibility for [his] actions." As its bottom line, the court sentenced Washington to 180 days in jail with all but sixty days suspended, credit for time served, and two years of informal probation. Washington appeals that sentence.[1]

**II. Scope and Standard of Review**

We review sentences for correction of legal error. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). The decision to impose a particular sentence is cloaked with a strong presumption in its favor. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We reverse only if the sentencing court abused its discretion or

---

[1] Because Washington is challenging his contested sentence, he has good cause to appeal under Iowa Code section 814.6(1)(a)(3) (2023). *See State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023); *State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022).

there was some defect in the sentencing procedure. *State v. Grubbs*, 3 N.W.3d 229, 230 (Iowa Ct. App. 2023). An abuse of discretion occurs when the court bases its decision on untenable grounds or faulty reasoning. *Id.* at 230–31.

### III. Analysis

Washington contends the district court disregarded mitigating factors such as his medical condition at the time of the offense and his "history of schizophrenia." He asserts that the jail sentence imposed "does not require [him] to complete mental health services, while at the same time subjects him to a possible further lengthy time in jail if his mental instability results in a further law violation." He asks for resentencing.

Contrary to Washington's contention, the district court did not overlook his explanation for the assault or his mental health. At the sentencing hearing, the county attorney objected to Washington presenting evidence about his frustration mounting from the lack of attention to his abscessed tooth. The prosecutor said: "The State doesn't see how the defendant having a toothache is relevant." But the court said for sentencing purposes it was "going to allow the leeway" and let Washington testify to the events at the jail. In his testimony, Washington mentioned having "some schizophrenic issues."[2]

So the court was aware of potentially extenuating circumstances. But courts are not "required to specifically acknowledge each claim of mitigation urged by a defendant [and] the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *State v. Boltz*,

---

[2] Nothing else in the record illuminates Washington's mental-health condition.

542 N.W.2d 9, 11 (Iowa Ct. App. 1995). It is enough for the sentencing court to consider the range of options to determine which will provide maximum opportunity for rehabilitation and to protect the community. Iowa Code § 901.5. The court must weigh a host of factors including "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Formaro*, 638 N.W.2d at 724–25.

Here, the court did what was necessary in sentencing Washington. On one side of the fulcrum, it weighed the violent nature of the attack and questioned Washington's chances of reform after his earlier incarceration had not made an impression on him. On the other side, the court allowed Washington to explain his mental condition and appreciated that Washington accepted responsibility for his conduct. We find no abuse of the court's discretion in failing to say more as to the mitigating factors claimed by Washington. *See State v. Phillips*, 996 N.W.2d 419, 422 (Iowa Ct. App. 2023).

**AFFIRMED.**