**IN THE COURT OF APPEALS OF IOWA**

No. 24-0347
Filed February 5, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERIC ISAIAH MCINTYRE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


        Eric Isaiah McIntyre appeals the sentences imposed by the district court

after pleading guilty. **AFFIRMED.**


        Raya Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Brenna Bird, Attorney General, and David Banta, Assistant Attorney

General, for appellee.


        Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Eric Isaiah McIntyre appeals the sentences imposed by the district court after entering pleas for several offenses.  He contends the district court abused its discretion when sentencing him by failing to consider certain mitigating factors, improperly relying on other factors, and declining to suspend incarceration in favor of probation.  Upon our review, we affirm.

## I.      *Background Facts and Proceedings.*

On September 14, 2023, McIntyre appeared at the victim's residence despite an active no contact order preventing contact between them.[1]  When the victim answered, McIntyre "shoved the door open and forcefully entered [her] apartment," striking the victim in the face with the door in the process.  McIntyre then grabbed her arm and pushed her before picking up their son.  When he attempted to leave the apartment with him, the child began to cry, and McIntyre retreated without him.  Once outside, McIntyre found a nearby rock and threw it at the victim's car before leaving the scene.

The State charged Mcintyre with: count I, first-degree burglary; count II, stalking; count III, domestic abuse assault, second offense; count IV, child endangerment; and count V, fourth-degree criminal mischief.  Pursuant to a plea agreement, McIntyre entered an Alford plea for third-degree burglary under count I, and also pled guilty to counts II, V and a lesser-included domestic abuse assault under count III.  The court accepted his pleas and dismissed the child endangerment charge.

---

[1] The no contact order was issued in April 2023 after McIntyre harassed and made threats against the victim during a custody dispute over their son.

At the sentencing hearing, McIntyre requested a suspended sentence with probation and explained to the court that he supported six children, had stable employment, and expressed remorse for his actions. But the State recommended incarceration based on the seriousness of the charges and McIntyre's previous unsuccessful attempts on probation. The court sentenced McIntyre to an indeterminate term of incarceration not to exceed five years on count I, ten years on count II, thirty days on count III, and one year on count V. The court ordered all of the sentences to run concurrently for a total period of ten years. McIntyre appeals.

## II. Review.

We review sentencing decisions for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). The sentencing court is given "broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. W. Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion occurs when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

## III. Sentencing Discretion.

McIntyre argues the sentencing court abused its discretion on three grounds. First, he contends the court failed to consider certain mitigating factors, citing his dependent children, stable employment, and showing of remorse as examples. The court is not "required to specifically acknowledge each claim of

mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). When explaining its sentencing decision, the court *expressly* noted McIntyre's colloquy and his employment. In fact, McIntyre entered a letter into evidence, in which McIntyre's employer described him as "an asset to our company," and the court specifically referenced this exhibit. We therefore do not find that the court failed to consider the mitigating factors.

McIntyre then claims that "the district court relied solely on [McIntyre's] past convictions" when imposing his sentence. But as previously discussed, this is incorrect. The court stated consideration of several mitigating factors urged by McIntyre, but it also weighed these against competing aggravating factors, including his age, the seriousness of the offenses, and McIntyre's potential for rehabilitation. In particular, McIntyre claims the court should not have focused on his prior criminal history and his likelihood of success on probation. But neither factor was improper. In fact, the court is *required* to consider criminal history as part of its ultimate sentencing decision. *See* Iowa Code § 907.5(1)(b) (2024) (requiring the court to consider "[t]he defendant's prior record of convictions" before suspending sentence). And we have repeatedly permitted the sentencing court to likewise consider whether a defendant would be successful on probation in the exercise of its discretion. *See State v. Carlson*, No. 19-2113, 2021 WL 210702, at *2 n.2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases where the court affirmed prison sentences for defendants unlikely to succeed on probation). The court here surmised that based on McIntyre's previous failed attempts at probation, he likely would not be successful once again; this is not an abuse of discretion. Instead, it is the result of the court's weighing of the factors and its exercise of discretion.

This discretion "will not always lead to the same sentence. Yet, this does not mean the choice of one particular sentencing option over another constitutes error." *Formaro*, 638 N.W.52d at 725. Instead, it reflects "the discretionary nature of judging." *Id.* Accordingly, we find no abuse of discretion and affirm McIntyre's sentences.

### IV.    *Disposition.*

Because the district court did not abuse its discretion when sentencing McIntyre, we affirm his sentences.

**AFFIRMED.**