# IN THE COURT OF APPEALS OF IOWA

No. 24-0980
Filed March 19, 2025

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**CHAD MICHAEL LAGRANGE,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Muscatine County, Tom Reidel, Judge.


　　　A defendant challenges the sentence imposed following his guilty plea.
**AFFIRMED.**


　　　Audra F. Saunders, West Des Moines, for appellant.

　　　Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


　　　Considered by Greer, P.J., and Langholz and Sandy, JJ.

**GREER, Presiding Judge.**

Chad LaGrange challenges the sentence imposed following his guilty plea to possession of a controlled substance with intent to deliver (methamphetamine), in violation of Iowa Code section 124.401(1)(c)(6) (2021), a class "C" felony. LaGrange first asserts his counsel was ineffective for allowing him to plead guilty without first establishing a factual basis. Next, LaGrange claims the court failed to consider mitigating circumstances when it sentenced him to a term of incarceration not to exceed ten years. Because we have no authority to consider his ineffective-assistance claim on direct appeal, we do not address the specifics of that challenge. As for the sentencing decision, we conclude that the district court did not abuse its discretion. We affirm LaGrange's sentence.

## I.  Background Facts and Prior Proceedings.

On October 21, 2021, police initiated a traffic stop of a black Chevrolet S10 in Muscatine because of a broken taillight. The officer conducting the stop informed the driver, LaGrange, the reason for the stop and requested his driver's license, insurance, and registration. LaGrange admitted to the officer that his license was suspended and, because the vehicle belonged to his sister, he did not know where the vehicle's insurance information was located. The officer returned to his patrol car to begin writing a traffic citation. An additional officer arrived to assist; the second officer searched LaGrange's person while the initiating officer wrote LaGrange's citation. With LaGrange's consent, the second officer searched LaGrange's vehicle and uncovered a black digital scale and a clear glass methamphetamine pipe in the center console. The officers issued LaGrange a citation for driving while suspended. While LaGrange waited for a ride, officers

noticed a clear plastic bag containing a white, crystal substance believed to be methamphetamine under the initiating officer's patrol car. When asked by officers why he dropped the bag, LaGrange said he was scared to go to jail. A further search of LaGrange uncovered $2197 in his possession. A test of the white substance confirmed it to be 7.2 grams of methamphetamine.

As part of a binding plea agreement, LaGrange entered a written guilty plea to the lesser-included offense possession of a controlled substance with intent to deliver (methamphetamine) with an agreement that he would be sentenced to a suspended term of incarceration not to exceed ten years and twenty-four months of probation. A sentencing hearing was scheduled for April 13, 2022, at which time the court would accept LaGrange's guilty plea. The court's concurrence was a condition of the plea in accordance with Iowa Rule of Criminal Procedure 2.10(3). LaGrange failed to appear at his sentencing.

LaGrange was arrested pursuant to a bench warrant on May 7, 2024, and his sentencing was rescheduled for May 31, 2024. At his resentencing, the court rejected the sentencing agreement and offered LaGrange an opportunity to withdraw his plea. After discussion with counsel, LaGrange decided to not withdraw his guilty plea and to proceed with the sentencing. The court sentenced him to a term of incarceration not to exceed ten years. LaGrange appeals.

## II. Standard of Review.

"We review sentences imposed in a criminal case for correction of errors at law." *State v. McCalley*, 972 N.W.2d 672, 676 (Iowa 2022). "We afford sentencing judges a significant amount of latitude because of the 'discretionary nature of judging and the source of the respect afforded by the appellate process.'" *State v.*

*Fetner*, 959 N.W.2d 129, 133 (Iowa 2021) (citation omitted). "Absent 'an abuse of discretion or some defect in the sentencing procedure,' we will not reverse a sentence." *McCalley*, 972 N.W.2d at 676 (quoting *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020)). "An abuse of discretion occurs when the court exercises its discretion on grounds or for reasons that are clearly untenable or unreasonable. We may find grounds untenable when based on an erroneous application of the law." *State v. Thompson*, 951 N.W.2d 1, 4 (Iowa 2020) (citation omitted). "[M]ere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion." *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016).

**III. Discussion.**

LaGrange raises two claims on appeal—his trial counseled was ineffective and the sentencing court abused its discretion when imposing sentence. We address each claim in turn.

**A. Ineffective Assistance of Counsel.**

LaGrange first argues his counsel was ineffective for allowing him to plead guilty without establishing an adequate factual basis of guilt. He claims that the factual basis to which he pled guilty was a bare written recitation of the elements of the crime that he signed and that such a written recitation is insufficient to establish a factual basis for the plea. But, we have no authority to consider LaGrange's ineffective-assistance claim on direct appeal.

Section 814.7 addresses this court's authority to consider ineffective-assistance claims. It states:

An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and *the claim shall not be decided on direct appeal* from the criminal proceedings.

Iowa Code § 814.7 (emphasis added). "Section 814.7 does not limit jurisdiction; it limits the authority of Iowa's appellate courts to resolve ineffective-assistance claims on direct appeal." *State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021).

Thus, pursuant to section 814.7, a claim of ineffective assistance of counsel must be brought through a separate claim for postconviction relief, not on direct appeal. *See State v. Jackson-Douglass*, 970 N.W.2d 252, 257 (Iowa 2022). Because we have no authority to consider LaGrange's claim of ineffective assistance of counsel, we do not reach the merits.

**B. Abuse of Discretion in Sentencing.**

Next, LaGrange asserts the district court abused its discretion by sentencing him to a term of incarceration not to exceed ten years. Although LaGrange pled guilty, he has good cause for appeal because he is challenging the sentence imposed, which was neither mandatory nor agreed to. *See* Iowa Code § 814.6(1)(a)(3) (limiting the right of appeal from a guilty plea to a crime other than a class "A" felony to instances "where the defendant establishes good cause"); *Damme*, 944 N.W.2d at 100 ("We hold that the good-cause requirement is satisfied . . . when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain.").

LaGrange contends that the sentencing court abused its discretion by imposing a term of incarceration not to exceed ten years instead of suspending the

prison term sentencing him to probation and drug treatment. But "[a] sentencing court's decision to impose a specific sentence that falls within the statutory limits is cloaked with a strong presumption in its favor." *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022) (citation omitted). Iowa Code section 124.401(1)(c)(6) categorizes conviction for possession of five grams or less of methamphetamine with intent to deliver as a class "C" felony, which is punishable by a prison term of "no more than ten years." *See* Iowa Code § 902.9(1)(d) (setting maximum sentence for class "C" felonies). Accordingly, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).

In the instant case, the district court considered a multitude of factors when formulating an appropriate sentence for LaGrange. After considering the presentence investigation report (PSI) details, the district court noted:

> When I look at the PSI, first, we have the failure to appear for sentencing [in April 2022]. We have a history of parole violations, multiple assaults, multiple burglaries, a very lengthy criminal history. Under the leisure section of the PSI, you actually indicated the only thing you do for leisure is drugs, and your employment history has been scant since 2010. When the Court reviews everything in total, I can't believe that probation is appropriate to maximize your rehabilitation, protect the community and to deter this type of conduct and others . . . . [T]he Court does reject the [sentencing agreement in the] plea agreement.

After discussing these factors, the district court ultimately agreed with the recommendations set forth in the PSI report and sentenced LaGrange to incarceration.

In his appeal, LaGrange asserts that the sentencing court failed to consider mitigating factors that eliminated the need for incarceration. First, LaGrange asserts that he was open and honest about his substance use history and his reason for failing to appear at his initial sentencing date. Additionally, he argues that he took responsibility and was remorseful for what he had done. It is true that LaGrange was open and honest about his past shortcomings. During the sentencing hearing, he spoke about his failure to appear at his original sentencing hearing, stating, "It was ignorance on my behalf. There is really no excuse for it. I really won't make any excuse to make me look worse." The sentencing court recognized LaGrange's admission of responsibility for failing to appear, stating, "However, as we discussed, your failure to appear—something I truly appreciate you taking ownership of—has played a significant role in my decision-making." The district court's consideration of LaGrange's behavior in failing to attend his court hearing is not an improper factor. And "[t]he test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently." *State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023). The sentencing court considered LaGrange's remorse, among other factors, but still operated within its discretion to impose a term of incarceration.

LaGrange next argues the sentencing court denied him the maximum opportunity for rehabilitation by failing to consider the support he would receive from his family and the treatment options available through probation. Again, the sentencing court directly weighed whether incarceration or probation gave LaGrange the best chance of rehabilitation. During sentencing the court stated, "[I]t comes down to whether I grant probation or . . . go with incarceration, and I

think everything that we talked about, and to protect the community and maximize your rehabilitation as well as deterrent to others, incarceration is necessary." The sentencing court noted the PSI author's recommendation of incarceration, LaGrange's good relationship with his sister, and the fact that he was currently living at her home. Yet, the court decided that incarceration was warranted. The record belies LaGrange's claim the district court failed to consider family support and whether probation and treatment were the better sentencing option. Further, "the district court need not list with specificity each factor the court considered in sentencing." *State v. Gomez-Evans*, No. 23-2048, 2024 WL 4039425, at *2 (Iowa Ct. App. Sept. 4, 2024); *see also State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("[A] failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered.").

Therefore, we find that LaGrange has failed to demonstrate the sentencing court relied on unreasonable or untenable grounds when reaching a sentencing determination. Absent any showing of an abuse of discretion, we affirm the sentence imposed.

## IV. Conclusion.

We do not consider LaGrange's ineffective-assistance-of-counsel claim; we affirm his sentence.

**AFFIRMED.**