# IN THE COURT OF APPEALS OF IOWA

No. 24-1496
Filed July 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALEXIS MAY HAUPERT,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Robert J. Richter, Judge.

Alexis May Haupert appeals the sentence imposed after pleading guilty to assault with intent to inflict serious injury.  **AFFIRMED.**

Debra S. De Jong of De Jong Law Firm, P.C., Orange City, for appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, for appellee.

Considered without oral argument by Greer, P.J. and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Alexis May Haupert appeals the sentence imposed after pleading guilty to assault with intent to inflict serious injury.[1]  Upon our review, we affirm her sentence.

## I.  Background Facts and Proceedings.

After she stabbed another woman multiple times with a knife, the State charged Haupert with willful injury, a class "D" felony.  *See* Iowa Code § 708.4(2).  Pursuant to a plea agreement, Haupert pled guilty to the lesser-included offense of assault with the intent to inflict a serious injury.  *See id.* § 708.2(1).  As part of the agreement, Haupert requested a suspended two-year term of incarceration and twenty-four months of informal probation.  But on appeal, Haupert and the State disagree about whether the plea was conditioned upon the court's acceptance.  In one portion of the written plea agreement, it states, "I understand that the Court is not bound by the plea agreement and may sentence me up to the maximum sentence provided by law."  But later on in the same plea agreement, it reads, "My entry of this guilty plea IS contingent upon the Court accepting the plea bargain."  Haupert initialed and signed both portions.

Because Haupert waived her right to a plea hearing, the plea acceptance occurred at the sentencing hearing in September 2024.  But before accepting her

---

[1] Generally, defendants do not have a right to appeal after pleading guilty unless they establish good cause.  *See* Iowa Code § 814.6(1)(a)(3) (2024).  But because Haupert "makes at least one challenge to [her] underlying discretionary sentence," she has established good cause to pursue an appeal.  *State v. Grafton*, No. 23-1746, 2025 WL 401746, at *3 (Iowa Ct. App. Feb. 5, 2025).  We therefore proceed to the merits of her arguments.

plea, the court clarified the discrepancies within the written plea agreement, stating:

> THE COURT: But I do want to have a conversation with you about the effect of [the plea agreement]. That is that you have a plea deal with the State, but the plea deal is a nonbinding plea deal on the Court. That means I don't necessarily have to follow it. . . . I need you to know and understand that I could go up to the maximum penalty allowed by law.
> . . . .
> Now that you know that, do you still want to go forward with your sentencing today and your guilty plea?

After conferring with counsel, Haupert agreed to proceed with pleading guilty and sentencing. Sentencing continued, after which the court imposed a 360-day term of incarceration, suspended all but ninety days, which the court permitted to be served through house arrest, and imposed twenty-four months of formal probation. Haupert appeals.

## II. Compliance with Rule 2.10.

Haupert first contends that the sentencing court failed to comply with applicable rules when rejecting her plea agreement. Under rule 2.10(3), plea agreements which are "conditioned upon the court's approval of a sentencing agreement between the parties" may either be accepted or rejected by the court. Iowa R. Crim. P. 2.10(3). If rejected, the court must "inform the parties of [its intent to reject the sentencing agreement] and afford the defendant an opportunity to withdraw the plea." *Id.* r. 2.10(3)(b)(1). The court must further warn the defendant that its sentencing decision "may be less favorable to the defendant than that contemplated by the plea agreement." *Id.* r. 2.10(3)(b)(2). But the defendant may choose to be sentenced, anyway, although he or she loses the right to withdraw the plea agreement if the sentence is not as expected. *Id.* Haupert specifically

argues that the court failed to warn her of its intent to depart from the plea agreement and allow her the opportunity to withdraw her plea.

But the State contends that this issue is not properly before us, challenging Haupert's failure to move in arrest of judgment to preserve this issue for appeal. "As a general rule, a defendant who wishes to challenge a guilty plea on appeal must first raise the challenge in the district court by filing a timely motion in arrest of judgment." *State v. Hightower*, 8 N.W.3d 527, 535 (Iowa 2024). Failure to file such a motion "usually precludes appellate review of alleged plea defects." *Id.* But we have previously held that such rule 2.10 challenges are considered a "procedural defect[]" and therefore absolved from complying with standard error-preservation requirements. *Grafton*, 2025 WL 401746, at *4; *accord State v. Barnes*, No. 21-1939, 2023 WL 3860153, at *1 (Iowa Ct. App. June 7, 2023) (proceeding to the merits of a 2.10 challenge because it was considered "a defect in the sentencing procedure"). Accordingly, we still reach the merits of Haupert's argument.

To determine whether the court complied with rule 2.10, we first look at the written plea agreement. *State v. Hoffman*, No. 21-1134, 2022 WL 468739, at *1 (Iowa Ct. App. Feb. 16, 2022) (noting that the defendant's "plea is clear and consistent throughout, indicating that it was conditioned on the court's acceptance of the plea bargain"). But the plea agreement here contains language inconsistencies, which require us to go outside the four corners of the document. *See Hightower*, 8 N.W.3d at 542 (considering the sentencing transcript to resolve ambiguity); *see also State v. Williams*, No. 22-1463, 2023 WL 5093366, at *4 (Iowa Ct. App. Aug. 9, 2023) (considering the court's accompanying sentencing order to

analyze compliance with rule 2.10); *Hoffman*, 2022 WL 468739, at *1 (considering whether the court "reference[d] the fact that [the defendant's] guilty plea was conditioned on the court's agreement to be bound by the plea agreement in either the sentencing hearing or its sentencing order" to determine rule 2.10 compliance). But this is not a circumstance in which Haupert was unaware of her rights until after the sentence was already imposed. *See Barnes*, 2023 WL 3860153, at *2 (finding noncompliance with rule 2.10 where the defendant was given the opportunity to confer with counsel *after* plea acceptance and sentencing pronouncement). Instead, the sentencing court here specifically paused before pronouncement, clarified that the plea agreement was not conditioned upon its acceptance, and asked Haupert whether she still wanted to plead guilty and be sentenced immediately despite the potential consequences. The court then permitted Haupert to confer with counsel. Only then did Haupert confirm her desire to proceed with her guilty plea and sentencing, after which the court complied. We find that based on the sentencing transcript, Haupert was aware that her plea agreement was not covered under rule 2.10 and the court was not required to engage in any colloquy. Despite this, the court on its own gave Haupert the opportunity to reconsider her plea or make any objections before sentencing. Haupert declined to do so. So even if the plea agreement was covered under rule 2.10, we would find that Haupert waived her right to withdraw the guilty plea when she elected to proceed with sentencing. *See* Iowa R. Crim. P. 2.10(3)(b)(2). Accordingly, we affirm.

### III.    Sentencing Discretion.

Haupert further challenges the court's exercise of its sentencing discretion, contending that it failed to consider certain mitigating factors.[2]  There is a "strong presumption" in the sentencing court's favor if it imposes a sentence within the statutory limits.  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  Accordingly, we will affirm unless there is "an abuse of discretion or some defect in the sentencing procedure."  *Id.*

Haupert specifically argues that the court failed to consider her mental-health and substance-use history and improperly weighed other factors, such as the victim's conduct, Haupert's pregnancy and role as primary caregiver to five children, and Haupert's unemployment.  While the court is not "required to specifically acknowledge each claim of mitigation urged by a defendant," *see State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995), the court here expressly did.  In its explanation for the sentence, the court paid particular attention to Haupert's substance use, in which it stated its priority for rehabilitation and "getting a handle on substances abuse issues."  The court also ordered Haupert to comply with a substance use evaluation and any recommended treatment.  As for other

---

[2] Haupert also contends that "the court relied on an inaccurate fact" when sentencing because the court was unsure of the maximum cap for the house arrest program.  But we disagree.  At sentencing, when asked by Haupert how much house arrest generally costs, the court stated that the maximum cap "used to be $1,000" but advised Haupert to direct her questions to the jail because the amounts may have changed.  Besides a vague claim that the court was unreasonable, Haupert does not offer, and we decline to search for her, any authority in which the court commits sentencing error when it directs a defendant elsewhere to answer her questions; accordingly, we find this argument waived. *See* Iowa R. App. P. 6.903(2)(a)(8)(3) (stating issues inadequately argued on appeal may be deemed waived).

mitigating factors, the court expressly referenced Haupert's young age, "the impact [the] sentence would have on [Haupert's] family situation," her employment, and the victim's conduct. In fact, the court attributed these mitigating factors to its decision to grant house arrest rather than impose traditional incarceration. But the court also considered Haupert's criminal history, the severity of the offense, including the serious harm to the victim who was stabbed multiple times, and the need for deterrence. Due to the discretionary nature of sentencing, consideration of the relevant factors "will not always lead to the same sentence." *Formaro*, 638 N.W.2d at 725. But "this does not mean the choice of one particular sentencing option over another constitutes error." *Id.* Without evidence of a procedural defect or an abuse of discretion, we must affirm Haupert's sentence. *See id.* at 724.

## IV. Disposition.

Because the court did not err or abuse its discretion, we affirm Haupert's sentence.

**AFFIRMED.**