# IN THE COURT OF APPEALS OF IOWA

―――――――――

No. 25-0392
Filed January 7, 2026

―――――――――

**State of Iowa,**
Plaintiff–Appellee,
v.
**L.V. Knighten,**
Defendant–Appellant.

―――――――――

Appeal from the Iowa District Court for Polk County,
The Honorable Paul D. Scott, Judge.

―――――――――

**AFFIRMED**

―――――――――

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

―――――――――

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

L.V. Knighten pled guilty to felon in possession of a firearm. On appeal, Knighten argues the district court abused its discretion because the court failed to consider mitigating factors that supported his request to be placed on probation and receive treatment at a Veterans Affairs (VA) program.[1] Instead, the district court, exercising its discretion, weighed other negative factors and sentenced him to five years' incarceration, concurrent with a pending probation matter. We affirm.

## I. Background Facts and Proceedings.

In September 2023, Knighten had a gun in his backpack, although he was prohibited from possessing the weapon because he is a convicted felon. He claimed he had the gun for protection from break-ins that had occurred in his apartment. While wearing the backpack, he offered a woman a ride on his motorcycle. When she grabbed his backpack to get better leverage, the gun went off. The woman was shot in the leg, and Knighten transported her to the hospital. Staff at the hospital notified the police, and Knighten was arrested. Knighten was charged with: count I felon in possession of a firearm in violation of Iowa Code section 724.26(1) (2023), and count II possession of a controlled substance, second offense, in violation of Iowa Code section 124.401(5).

Knighten and the State entered a plea agreement to dismiss count II with the agreement that the State would recommend any sentence run

---

[1] Knighten challenges the sentence imposed rather than his guilty plea and has good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3) (2025); *State v. Damme*, 944 N.W.2d 98, 104–05 (Iowa 2020). The State acknowledges that Knighten challenges the sentence, and the sentence was not mandatory under the plea agreement.

concurrently to some probation violation matters. Knighten pled guilty to felon in possession of a firearm and the matter was set for sentencing.

At the sentencing hearing in February 2025, Knighten emphasized his health conditions and the six-week VA mental-health residential rehabilitation treatment program he could attend if probation was imposed. The State highlighted his long and storied criminal history. The district court considered the presentence investigation (PSI) report and addendum, the statements of the attorneys and Knighten at the sentencing hearing, the VA program, the events surrounding the offense, Knighten's characteristics, and all available sentencing options. The district court noted that this case was "difficult" considering Knighten was sixty-four years old at the time, but the court also considered his many violations of the law concluding that he had a "complete disregard for following the law." An additional aggravating factor was that, at the time he committed the felon-in-possession-of-a-firearm violation, he was on probation for the same offense. Ultimately, the district court sentenced Knighten "to an indeterminate term of incarceration not to exceed five years." He appeals.

## II. Standard of Review.

"We review challenges to sentences within the statutory limits for an abuse of discretion." *State v. Luke*, 4 N.W.3d 450, 455 (Iowa 2024) (cleaned up). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

### III. Analysis.

Knighten argues the district court abused its discretion by failing "to provide proper weight to several mitigating factors that supported a lighter sentence than what was imposed." Specifically, he points to his lack of recent probation violations, desire to change, acceptance into the VA program, age, physical and mental health, and acceptance of responsibility. "[A] sentence within the statutory limits is cloaked with a strong presumption in its favor . . . ." *Id.* Knighten "must overcome the presumption in favor of the sentence by affirmatively demonstrating the court relied on an improper factor or based its decision on clearly untenable grounds." *State v. Pirie*, 18 N.W.3d 238, 249 (Iowa 2025) (cleaned up). The question on appeal is not whether we would have imposed the sentence, "but rather, whether the sentence imposed was unreasonable." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018) (cleaned up).

Here, the district court sentenced Knighten to an indeterminate term not to exceed five years—within the statutory limits under Iowa Code section 724.26(1). In imposing sentences, the district court considers which sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. The court weighs several factors, "including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Formaro*, 638 N.W.2d at 725. Additionally, the court must "consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors." *Id.* The court is required to explain "its exercise of discretion by stating on the record the reasons for imposing a particular sentence," but "it is generally not required

to give its reasons for rejecting particular sentencing options." *State v. Smith*, 17 N.W.3d 355, 360 (Iowa 2025) (cleaned up).

Knighten argues that the court failed to properly weigh the mitigating factors of his age, mental health, physical health, and acceptance of responsibility. At the sentencing hearing, the court stated that among other information it considered the PSI report and statements from Knighten, which included information about his age, mental health, physical health, and Knighten's acceptance of responsibility. *See State v. Sando*, No. 23-1091, 2024 WL 2043151, at *2 (Iowa Ct. App. May 8, 2024) (affirming a sentence when the mitigating factors "were placed squarely before the court when it reached its sentencing decision" and the defendant failed to affirmatively show the court did not consider them (citing *Wickes*, 910 N.W.2d at 572)). The district court explained that it sentenced Knighten primarily based on his criminal history and the fact that he was on probation for the exact same offense that he committed here. *See Smith*, 17 N.W.3d at 359. The court was not required to acknowledge all of Knighten's claimed mitigating factors in its explanation. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (noting "the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered"). And here the district noted in its sentencing order its consideration of Knighten's rehabilitation; protection of the community from further offenses; the nature of the offense; treatment opportunities available in both the community and correctional system; and Knighten's age, criminal history, employment and family circumstances, and mental-health and substance-use history.

All and all, we find that the sentencing court properly exercised its discretion and the sentence imposed was reasonable. The PSI report recommended incarceration. The report showed that Knighten had a high

probability of future violence and future victimization. Also included in the report was information about the likelihood of Knighten's recidivism. And though Knighten urged the court to grant him probation so he could receive treatment at the VA program as an alternative to incarceration, he had just recently failed to complete a VA inpatient program when he left against medical advice, failed to show for an appointment the following month, and failed to follow through on getting set up with his VA mental-health case workers. Thus, the district court exercised appropriate discretion, as its sentencing "decision was not based on grounds clearly untenable or to an extent clearly unreasonable." *Wickes*, 910 N.W.2d at 572 (cleaned up).

### IV. Conclusion.

Upon our review, we affirm Knighten's sentence.

**AFFIRMED.**